UNITED STATES *v.* NYE and another.*

(*Circuit Court, S. D. Ohio.* November 20, 1880.)

1. CRIMINAL PROCEDURE — COMMON LAW.—In the absence of statutory provisions the United States courts, in the administration of criminal law, are governed by the rules of the common law.

2. SAME—INDICTMENT—JOINDER OF OFFENCES—MISDEMEANORS—SECTION 1024, U. S. REV. ST.—At common law, and by section 1024, U. S. Rev. St., several distinct misdemeanors may be joined in the same indictment.

3. INDICTMENT FOR MISUSING THE POST-OFFICE — SECTION 5480, U. S. REV. ST.—CONSTRUCTION. — The latter clause of section 5480, U. S. Rev. St., providing that " the indictment   *   *   *   may severally charge offences to the number of three when committed within the same six calendar months," is not a part of the description of the offence; the offence is completely defined in the former part of the section, and this clause relates only to the procedure.

*Reported by Florien Giauque and J. C. Harper, of the Cincinnati bar.

4. CRIMINAL PROCEDURE — MISJOINDER — FELONIES. — At common law, while separate and distinct felonies could not be joined, yet a misjoinder did not destroy the validity of the indictment. The prosecutor might *nolle*, or the court would compel him to elect which of the felonies he would proceed upon.

5. SAME—SECTION 5480, U. S. REV. ST.—Section 5480, U. S. Rev. St., imposes no stricter rule; and where an indictment under that section charges, in different counts, the commission of five separate and distinct offences, the court may, in its discretion, permit the district attorney to *nolle* two of the counts, and proceed upon those remaining.

6. INDICTMENT—MATTER OF FORM—SECTION 1025, U. S. REV. ST.—Any objection to such misjoinder, as matter of form merely, is disposed of by section 1025, U. S. Rev. St.

7. CRIMINAL PROCEDURE—MISJOINDER.—Section 5480, U. S. Rev. St., and 14 and 15 Vict. *c.* 100, §§ 16, 17, compared.

Motion to Quash Indictment.

*Channing Richards*, U. S. Dist. Att'y, and *Richard Dyer*, Ass't, for the prosecution.

*Yaple, Moos & Pattison, contra.*

SWING, D. J., (*orally.*) An indictment was returned by the grand jury against the defendant for misusing the post-office. The indictment contains five counts, setting out distinctly five separate offences. The statute under which this indictment was found is the 5480th section, which provides as follows: "If any person, having devised or intending to devise any scheme or artifice to defraud, to be effected by either opening or intending to open correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person, so misusing the post-office establishment, shall be punishable by a fine of not more than $500, and by imprisonment for not more than 18 months, or by both such punishments. The indictment, information, or complaint may severally charge offences to the number of three, when com-

mitted within the same six calendar months, but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device."

Prior to this date there was a separation asked by the defendants,.or by one of them, and prior to that the district attorney had come into court, and by the consent of the court had entered a *nolle prosequi* as to two counts in the indictment, leaving but three counts remaining; and there was then a trial had of one of the defendants. A motion to quash the indictment was filed by this defendant, on the ground that the indictment contains five separate and distinct offences, when the statute provides that only three may be included in an indictment. The ground of the motion is based upon the fact that this statute limits the number of separate and distinct offences which may be included in a single indictment; and it further rests upon the idea that the section creating the offence included this addition as to the manner in which the indictment shall be framed, and giving the number of different offences which may be included in it, is descriptive of the offence itself, and that, therefore, it is not within the power of the grand jury to return an indictment containing a greater number of offences than the number prescribed by the statute. If this be so, the grand jury had no power to return the indictment in the form in which it is; the objection would be fatal to it.

I may remark that, in the administration of the criminal law, the criminal procedure and the criminal practice has been greatly modified by express statute, both in England and in various states of the United States, and it has been modified to a very considerable extent by the statutes of the United States. I may furthermore remark that we have no general statute of the United States prescribing criminal procedure, and that in the administration of criminal law, unless there be an express statute to the contrary, we are governed by the general common-law procedure; in the administration of criminal law and in criminal jurisprudence we go to

the common law for the purpose of ascertaining the modes of practice, the modes of procedure, the rights of defendants, the rights of the government, the duty of the court and the duty of the jury, and we administer it according to that. At common law it is admitted that several distinct offences may be joined by different counts in an indictment; that is, where they are misdemeanors only. That is well settled by Wharton's Criminal Law, § 423; Bishop's Criminal Law, §§ 201, 204; *U. S.* v. *Callahan,* decided in this court, 6 McLean, 96; and the same is recognized in the statutes of the United States, (section 1024, Rev. St.,) which provides: "When there are several charges against any person for the same act or transgression, or for two or more acts or transgressions connected together, or for two or more acts or transgressions of the same class of crimes or offences, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and, if two or more indictments are found in such cases, the court may order them to be consolidated."

The statute under which this indictment is found, then, does nothing more than could have been done at common law in permitting the joinder, but it does limit the number of separate and distinct offences which may be thus joined to three, and provides that they must have been committed within the same six months. This provision, in regard to the number of offences which may be joined, is no part of the statute which creates the offence. The offence is created perfectly, described perfectly, and completed before this clause of the statute is in existence. This clause, then, relates not to the creation of the offence, for it is well said by learned counsel for the defence that we have no such thing in the United States as a common-law offence, or common-law misdemeanors. They are all by statute, and unless they are created by the statute they do not exist. The statute creates the offence, and this provision is no part of the creation of the offence at all. It only relates to the procedure, to-wit, to the manner in which the district attorney shall

prepare his indictments—that he shall not combine in a single indictment more than three separate offences.

I may say, under the former administration of the criminal practice, and in many of the states now, the district attorney prepares his indictments prior to the sitting of the grand jury, and submits the paper thus prepared, or the separate and distinct counts, if he has more than one, with the offences fully described, and the grand jury ignores the whole indictment, or several of the counts thereof, and returns such portions of it as they think may be established by the testimony; but such is not the practice of the United States courts, as I understand it.

This clause only relates to the procedure and punishment; and, while it limits the number of offences which may be joined, it does not, as in some of the English statutes, provide what the procedure shall be in case the limit should be exceeded, or what the consequences of exceeding the limit should be upon the rights either of the government or of the defendant.

It is claimed, however, that the effect of it is to make the indictment absolutely worthless and void. If that be so, then this indictment must either be quashed or held bad upon demurrer. Let us see whether this is the inevitable effect of this statute. At common law there could be no joinder of separate and distinct felonies. That was as well established, at one period at least of the administration of the criminal law, as if there had been an express statute forbidding the joinder of separate and distinct felonies in the same indictment. And yet it was never supposed that the joinder of several felonies destroyed the validity of the indictment. While the courts would not permit the party to be tried for two or more felonies in the same indictment, they would not quash the indictment, but would compel the prosecutor to elect the felony he would proceed to trial upon. The rule is laid down in Wharton, § 216. At common law, in a case of that character, it was always within the power of the prosecutor, where there was an improper joinder, to get clear of the

difficulty and objection by entering a *nolle* as to a part of the counts, or the court would compel him to elect. The rule is clearly laid down by *Parke*, J., and is found on page 198 of Bishop's Crim. Procedure.

Suppose a statute has been passed which in terms provided that an indictment should contain but one felony only, would that change in anywise the rule which governs the criminal procedure where an indictment contained more than one,—would it prevent the prosecutor from entering a *nolle* as to the one or the other count, or would it prevent the court from compelling the prosecutor to elect which one he would proceed upon? Most certainly not. And to permit the prosecutor to enter a *nolle* as to one, or compelling the prosecutor to elect which one of the several counts he would proceed upon, could not be said, in the language of Archibald, (and the only authority referred to by the learned counsel for the defendant,) "to be a striking out of a count, by the court, of an indictment," which the court would have no power to do. In all cases where there has been an improper number of offences joined in an indictment, the court undoubtedly may, in its discretion, quash the indictment; but it is always addressed to the sound discretion of the court in a case of that character. It may, in its discretion, quash the indictment, or it may permit the prosecutor to *nolle* certain counts, or it may compel the prosecutor to elect which one he will proceed upon, so that the defendant shall in no sense be prejudiced in his defence. That is well settled by Bishop's Criminal Proc. 182, 228; Wharton's Criminal Law, § 416.

This clause of this section seems to be a transcript, or at least it seems to have followed, 14 and 15 Victoria, *c.* 100, §§ 15, 16, and 17. Section 15 is in regard to joining several larcenies in a single count in an indictment. Section 16 is as follows: "That it shall be lawful to insert several counts in the same indictment against the same person for any number of distinct acts of stealing, not exceeding three, which may have been committed by him against the same person within the space of six calendar months from the first

to the last of such acts, and to proceed thereon for all or any of them."

I do not know whether this section has been construed by the English courts. I doubt not but it has, for there may have cases arisen in which more than three separate takings have been charged in the same indictment. It seems to me that the seventeenth section, which follows, would seem at least to indicate that it was in the mind of the legislators that there might be a different effect in case there was a joinder of more counts or acts in a single count than is provided in that section; that is, there might be a different effect upon the indictment than the one claimed by learned counsel for defendant, for section 17 provides: "If, upon the trial of any indictment for larceny, it shall appear that the property, alleged in such indictment to have been stolen at one time, was taken at different times, the prosecutor shall not, by reason thereof, be required to elect upon which taking he will proceed, unless it shall appear that there were more than three takings, or that more than the space of six calendar months elapsed between the first and the last of such takings; and in either of such last-mentioned cases the prosecutor shall be required to elect to proceed for such number of takings, not exceeding three, as appear to have taken place within the period of six calendar months from the first to the last of such takings."

The first section limits the number which may be included in a single indictment, and if the effect of that limitation is to make void all indictments which should be returned by a grand jury which contain more than the three takings, the number limited, and within a greater period of time than the six months, then there would be no need under any circumstances, although more than three takings in a period of more than six months should be included in a single count in an indictment, of requiring the party to elect, because the proceeding would stop at once. Although it may not be in three different counts setting forth three takings, yet if the evidence shows that there is included in a single count more than three takings, and the takings which are included cover

a period of time more than six months, therefore the case cannot proceed at all, because the statute provides that three may be included and no more, and it must be within the period of six months and no more. But that statute says that if evidence of that character should be developed upon the trial of the case, that the prosecutor then may be required to elect to proceed for such number of takings, not exceeding three, as appears to have taken place within the period of six months.

It seems, from inference at least, that such was the idea of the parliament of Great Britain in the passage of the act of 15 and 16 Victoria.

It is stated, however, by the learned counsel for the defence, that if this procedure is permitted to exist, as it is claimed by the district attorney, that the district attorney and the court would be proceeding to punish alleged violations of this law by a confessed violation on its part, in its proceedings, of the very law which creates the offence. If that were so, we would not for one moment proceed. We would not permit the district attorney to proceed in violation of the law which prescribes the manner in which the procedure shall take place. But the only question for us to determine is this : Is this clause a part of the statute which creates the offence? Without this clause of the section, the statute has created fully and completely this offence. It describes in what it shall consist. It lays down what is prohibited, and what are, in terms, the elements which create the offence. The procedure is no part of an element which enters into the offence.

It is said, again, that by permitting the prosecutor to enter a *nolle* and abandon two of the counts in the case, that it does not appear that these would be the same counts that the grand jury would not have returned ; that they might have returned those that were abandoned. But suppose they did, what difference would it make in the rights of the defendant? The grand jury, by this indictment, have said that you are guilty of five different offences; and, if their report is true, there are five different several offences for which the defendant might be prosecuted. Three of them might be joined in

one indictment, and two joined in the other. Suppose they return but the three, would it make any difference to the defendant, in the trial of these three, which of these five should have been included in it? He would have had no voice in it whatever. It is wholly *ex parte*. And a defendant has no voice in what a grand jury shall do in the presentment of an indictment against him. They hear testimony for the government only, and they present whatever the proof satisfies them he has been guilty of. Instead of returning one indictment for three offences in three counts, and another indictment of two counts, they have returned one indictment of five counts. And it is to the benefit of the defendant that they have done so, because this statute disposes of two of the offences which it is charged he has been guilty of. It disposes of any necessity on his part to prepare to meet such additional offences, and says that as to three of them you shall be called upon to answer; but as to the two you shall not.

The defendant objects because the grand jury might have charged in the indictment the two offences omitted from it, and excluded the two of the three which remain. But he has not shown that he is prejudiced by any proceeding of that character, even if it had been so; and he has no choice to say what offences shall or shall not be charged in an indictment. It is for the grand jury to say that, and it is for him to say to the court that you shall not permit me to be prejudiced in anywise in my defence by having a great multitude of offences charged against me, which may vex me in my defence, and confuse the court and jury. And we do not see that the fact that the district attorney has been permitted to enter a *nolle* as to two of the counts, leaving three, would in the least degree tend to vex or confuse him, or deprive him of any rights which he possessed in any form whatever.

If it be objected to as a mere matter of form, the statute of the United States (section 1025, Rev. St.) has provided that "no indictment found and presented by a grand jury, in any district or circuit or other court of the United States, shall be deemed insufficient; nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or

imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

Prior to the passage of this statute we were more strict in the administration of the criminal procedure, and the defendant had a right to take advantage of many defects of mere form in an indictment, and indictments have been quashed on such grounds alone; but now, so far as form is concerned, it shall not operate to the insufficiency of an indictment unless it be to the prejudice of the defendant.

The motion to quash is overruled.

Thereupon counsel for defendant filed a demurrer to the indictment and the court overruled that also.