UNITED STATES v. PACIFIC & A. RY. & NAV. CO. et al.

(First Division.  Juneau.  January 30, 1914.)

No. 837–B.

INDICTMENT AND INFORMATION ⬳132(3)—TWO OFFENSES CHARGED— ELECTION.

An indictment was returned against the defendants containing six counts.  The United States district attorney moved that all the counts except count No. 1 be stricken and dismissed, and gave notice that he elected to try the defendants on count No. 1 remaining.  On objection to the motion offered by the defendants, *held*, while the statute provides "that the indictment must charge but one crime and in one form only," where an indictment is returned with several counts, the prosecution may elect upon which one to try the accused and dismiss the others, and the indictment will not be quashed for containing several counts, where there is a severance and a dismissal of all but one.

In this case, on January 7th, the United States attorney filed a motion that counts 2 and 6 of the indictment be dismissed and that the trial of the defendants on the charges set out in count 1 of said indictment be set for the 2d day of February.  It appears that that motion was not served; but on January 9th, at 10 o'clock a. m., at the opening of court, and in open court, said United States attorney filed in this court another paper, in which he states that he elects to try said case upon count 1 of said indictment, and consents and agrees, and therefore moves, that all counts except count 1 of said indictment be stricken and dismissed, and accompanying said paper is an affidavit of service, on January 9th, before 12 o'clock noon, of a copy of said motion upon the defendants' attorneys. Late in the afternoon of said day defendants, by their attorneys, filed a paper herein, in which they object and oppose the motion of the United States attorney "asking permission to abandon all but count 1 of the indictment herein, and asking to proceed to trial upon said count," and at the same time they ask that the former ruling of this court overruling the demurrer heretofore made in this case, on the grounds that the indictment charges more than one offense, be reopened.

The motion of the United States attorney to be allowed to elect the one count and dismiss as to the remainder, and the motion of the defendants to reopen the ruling heretofore

made on the demurrer, were argued and submitted at one and the same time. This argument and submission was, at the request of defendants, had on the 22d day of January, 1914.

John Rustgard, U. S. Dist. Atty., of Juneau, for the United States.

Shackleford & Bayless, of Juneau, Bogle, Graves, Merritt & Bogle, Farrell, Kane & Stratton, Ballinger, Battle, Hulbert & Shorts, and Ira Bronson, all of Seattle, Wash., and Gunnison & Robertson and John G. Heid, all of Juneau, for defendants.

JENNINGS, District Judge. Section 2145 provides that:

"The forms of pleadings and the rules by which the sufficiency of pleadings is to be determined are those prescribed by this act."

One of the rules prescribed by this act is contained in section 2159:

"That no indictment is insufficient," or "can be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

And another rule is found in section 2261, as follows:

"That neither a departure from the form or mode prescribed by this act in respect to any pleadings or proceedings, nor any error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right."

It will be seen that section 2159 is somewhat narrower than section 2261; the former section referring only to defects or imperfections "in matter of form," while the latter section has reference not only to departures in "form or mode," but also to any error or mistake which does not prejudice or tend to prejudice.

Those, then, being two of the rules "prescribed by this act," we proceed to inquire if there are any other rules prescribed by this act for determining the sufficiency of an indictment. We find another rule in section 2158, which provides that the indictment is sufficient if there can be understood therefrom certain things, seven in number, which are set forth in the section.

Among those seven things so required (the presence of which determines the sufficiency of the indictment) we find no requirement that only one offense shall be charged. Nothing except those seven things then is of the substance of the

indictment. Nothing but the absence of one or more of the essential seven can render the indictment insufficient—all else then must be form or error.

The .statute (section 2152) provides:

"That the indictment must charge but one crime, and in one form only."

The fact that two or more offenses, then, are charged, is either purely and simply a defect of form, or it is an error or mistake not going to the vitals of the indictment; for if the error went to the vitals of the indictment it would have been included in the list of requisites of the sufficiency of the indictment contained in section 2159.

Now, section 2158 provides that if the indictment do contain those seven things it is sufficient, ergo it shall not be set aside, quashed, held for naught, held insufficient, unless, of course, it runs counter to some specific provision of the Code in which quashal of the indictment is declared to be a necessary result of a certain defect. There is a section of the Code, to wit, No. 2191, C. L., which mentions the grounds upon which an indictment must be quashed. Those grounds are stated to be:

(1) That it is not found, indorsed, and presented as prescribed in chapter 6, title 15.

(2) That the names of the witnesses are not indorsed.

Now, note the difference in the language between section 2191, relating to the quashing of the indictment, and section 2152. Section 2191 says:

"That the indictment must be set aside by the court, upon the motion of the defendant, in either of the following cases:

"(1) When * * * not found, indorsed, and presented as prescribed. * * *

"(2) When the names of the witnesses examined before the grand jury" are not indorsed.

Here the statute expressly declares what shall be the result of a failure to do either one of those two things, and that result is expressed in this language, "The court must set aside the indictment." There is no such provision in relation to an indictment charging more than one offense.

The provision of the statute that an indictment shall charge but one offense does not indicate that the result of charging more than one offense is to invalidate the indictment. Such result would not have followed at common law.

Section 447, Bishop's New Criminal Procedure, 2d Ed., says:

"The consequence of misjoining felonies and misdemeanors, like any other misjoinder of counts, is not to render the indictment bad in law, but to subject it to direction by judicial discretion."

U. S. v. Nye (C. C.) 4 Fed. 892, was a case in which defendant was indicted on five counts, alleging violations of section 6480, Revised Statutes, concerning frauds committed through the Post Office. The section allows an indictment for such an offense to charge three offenses committed within the same six calendar months, but no more.

The indictment in the case had five counts. The district attorney, with the consent of the court, entered a nolle pros. as to two counts. A motion to quash the indictment was offered by the defendant, on the ground that the indictment contained the charge of five separate and distinct offenses, whereas the statute provides that only three offenses may be charged in the indictment.

Our statute only allows one offense to be charged. The case, then, so far as joinder of offenses is concerned, would be governed by the same principle. The court uses this language:

"This clause only relates to the procedure and punishment, and, while it limits the number of offenses which may be joined, it does not, as in some of the English statutes, provide what the procedure shall be in case the limit should be exceeded, or what the consequences of exceeding the limit should be upon the rights either of the-government or of the defendant.

"It is claimed, however, that the effect of it is to make the indictment absolutely worthless and void. If that be so, then this indictment must either be quashed or held bad upon demurrer. Let us see whether this is the inevitable effect of this statute. At common law there could be no joinder of separate and distinct felonies. * * * And yet it was never supposed that the joinder of several felonies destroyed the validity of the indictment. While the courts would not permit the party to be tried for two or more felonies in the same indictment, they would not quash the indictment, but would compel the prosecutor to elect the felony he would proceed to trial upon. The rule is laid down in Wharton, § 216. At common law, in a case of that character, it was always within the power of the prosecutor, where there was an improper joinder, to get clear of the difficulty and objection by entering a nolle as to part of the counts, or the court would compel him to elect. * * *

"Suppose a statute has been passed which in terms provided that an indictment should contain but one felony, only, would that change

in any wise the rule which governs the criminal procedure where an indictment contained more than one, would it prevent the prosecutor from entering a nolle as to the one or the other count, or would it prevent the court from compelling the prosecutor to elect which one he would proceed upon? Most certainly not. And to permit the prosecutor to enter a nolle as to one, or compelling the prosecutor to elect which one of the several counts he would proceed upon, could not be said * * * 'to be a striking out of a count, by the court, of an indictment,' which the court would have no power to do. In all cases where there has been an improper number of offenses joined in an indictment, the court undoubtedly may, in its discretion, quash the indictment; but it is always addressed to the sound discretion of the court in a case of that character. It may, in its discretion, quash the indictment, or it may permit the prosecutor to nolle certain counts; or it may compel the prosecutor to elect which one he will proceed upon, so that the defendant shall in no sense be prejudiced in his defense."

Defendant insists that the charging of more than one offense is made a ground of demurrer by section 2189; so it is.

They further contend that, it being patent that more than one crime is charged, the court has no alternative but to sustain the demurrer. But I do not think that follows. To sustain the demurrer is to quash the indictment, to set aside, to hold it for naught, to declare it insufficient; to do so may be to run counter to the provisions of sections 2158, 2159, and 2261; for by those sections it is provided that no indictment is insufficient if it possess all those seven requisites, and also that no indictment is at all affected by any departure from the form or mode, or any other error or mistake, which does not affect the substantial rights.

To say that the error complained of affects the substantial rights of the defendant is, in the face of the motion of the United States to elect count 1 and dismiss all the remaining counts, to occupy untenable ground. How does it affect the substantial rights of defendants? Counsel says that they are prejudiced, because they do not know which of the indorsed witnesses appeared against them on the particular count chosen by the prosecutor. They know that only those witnesses whose names are indorsed on the indictment appeared before the grand jury. They know, therefore, that they are not called on to answer to a charge founded on the evidence (before the grand jury) of any other witness. All that the law requires is that the witnesses examined before the grand jury be indorsed. Defendants cannot complain if there is indorsed on

the indictment the names of some witnesses also whose testimony was not relevant. How is that going to injure the defendants?

How, then, does the charging of two offenses affect the substantial rights of the defendant? Not as an abstract proposition, but as a real, concrete case? It cannot be denied that the mere finding of an indictment containing the charge of two or more offenses does not prejudice the defendant on the merits; and if nothing is ever done with the indictment, it never could prejudice the defendant on the merits. So that the question becomes important only in view of the contemplated action to be taken on that indictment. If a man is to be put on trial on an indictment charging two or more offenses, it is the placing of him on trial for two offenses, and the knowledge beforehand that he is to be placed on trial for two offenses, which tends to prejudice him, because he does not know which offense to prepare for, and the law says that he need only prepare for one offense at a time.

Now he cannot be prejudiced in this case, because the government has elected one of the offenses upon which it chooses to try him, and has dismissed all the other offenses, so that, as a matter of fact, all abstractions laid aside, the defendant will not be prejudiced in any way whatsoever on the merits, if he is put on trial for the offense elected by the government.

But the defendant says there is no authority in our criminal procedure for the prosecutor to elect which one of the offenses he chooses to rely upon. As to that, it is sufficient to say that at the common law undoubtedly the prosecutor had the right to elect, and the court of its own motion had the right to compel him to do it, irrespective of any requests from the defendant. He must have that right still, unless it has been taken away by statute, for in the absence of statute the common law applies. Sections 796, 2099.

I have been unable to find anything in the statute that deprives him of the right to elect.

Defendants contend that, because the statute says that "the forms of pleading and rules by which the sufficiency of pleading is to be determined are prescribed by this act," coupled with another section of the statute which says that the only pleading on the part of the plaintiff is the indictment, and on the part of the defendant is the demurrer and plea, the prosecutor is cut off from the power of election. I do not think

that that conclusion follows. An election on which offense to prosecute is not a change of the pleading. The pleading remains as it was, an indictment, and if it contain the things which it should contain, it remains a sufficient indictment, and the election by the prosecutor is no more an interference with that pleading than would be a furnishing to the defendant of a bill of particulars in a charge of embezzlement. The whole matter seems to be discretionary.

In section 454, Bishop's New Criminal Procedure (2d Ed.), it is said:

"This compelling of an election pertains rather to judicial discretion than to absolute law; so that in most of our states the determination of the judge thereon will not ordinarily be reviewed by a higher tribunal. In some of the states it will—perhaps, under special statutes, in all."

And in section 766:

"Discretion, being the guide for the court, it, rather than any absolute rule of law, determines when to act. What will promote justice it will do; what will retard justice it will withhold."

In 22 Cyc. at page 405, occurs the following:

"The granting or refusal of a motion to compel the prosecution to elect as to which of several counts it will proceed is within the sound discretion of the trial court, and the ruling thereon will not be reviewed, except in a clear case of abuse of such discretion. Hence the refusal is not the subject of exceptions, nor a ground for a writ of error, or for a motion for a new trial. If from the inspection of the entire record it is apparent that no prejudice resulted to the accused, the refusal of an election which might properly have been granted is no ground for reversal, and conversely where the state has not been prejudiced by having been compelled to elect, such compulsion is no ground for reversal in those jurisdictions where the state has an appeal."

Defendants cite the case of Kimbrell v. State, 7 Okl. Cr. 354, 123 Pac. 1027. This case holds with the defendants. It was decided in 1912. It does not, however, appear to be a well-considered case. The reasoning is not convincing, no authorities are cited, and it seems to be a simple change from the opinion of the same court delivered in 1909 in De Graff v. State, 2 Okl. Cr. 519, 103 Pac. 538; and, too, it seems to stand absolutely alone. This court cannot follow in the pathway pointed out by this case, when so many weighty decisions of learned courts point in the opposite direction.

5 A.R.—4

The ruling of the court now is that the United States attorney be and he is hereby allowed to elect to try the defendants upon count 1 and to dismiss the remainder of the counts, and in view of that ruling the reopening of the ruling on the demurrer is denied.