TENENBAUM v. SNOOK, Warden, etc.

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

No. 4912.

Post office ☞48(4)—Immaterial allegation in indictment respecting defendant's indebtedness held surplusage, and not such as to affect independent allegation that he had falsely represented indebtedness to be less than it was (Criminal Code, § 215 [Comp. St. § 10385]).

In prosecution, under Criminal Code, § 215 (Comp. St. § 10385), for using mails to defraud, immaterial allegation in indictment affecting defendant's indebtedness on certain notes *held* surplusage, and such as did not affect independent allegation that he had falsely represented his indebtedness to be less than it was, nor render indictment void, or even bad.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Habeas corpus proceeding by Michael Tenenbaum, in forma pauperis, against John W. Snook, Warden of the United States Penitentiary at Atlanta, Ga. From an order dismissing the petition, and remanding petitioner to custody, he appeals. Affirmed.

See, also, 11 F.(2d) 927.

Francis P. McIntire and Thomas F. Walsh, both of Savannah, Ga. (Morris H. Bernstein, of Savannah, Ga., on the brief), for appellant.

J. W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order of the District Court dismissing a petition for a writ of habeas corpus and remanding appellant to the custody of appellee as warden of the United States penitentiary at Atlanta.

Appellant was convicted upon the fourth count of an indictment, which sought to charge him with devising a scheme to defraud, and, for the purpose of executing such scheme, with the use of the United States mail, in violation of section 215 of the Criminal Code (Comp. St. § 10385). A demurrer was interposed to that count of the indictment upon several grounds, among them being one to the effect that appellant's liability upon certain notes was contingent, and did not show that his indebtedness was greater than he had represented it to be. That ground of the demurrer was sustained. All other grounds were overruled. The conviction was affirmed by this court, and the ruling now complained of was then considered. 11 F.

(2d) 927. We are still of opinion, as there stated, that what was attacked by the ground of the demurrer under consideration was surplusage, and that it was so treated by the judge at the trial. In effect the trial court overruled the demurrer.

The demurrer ran to the whole fourth count of the indictment, and not to any particular part of it. That count was not amended, nothing was stricken out of it, and therefore the case of Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, relied on by appellant, is not in point. Under the ruling of the District Court, as we have already construed it, the fourth count of the indictment contained an immaterial allegation, which the government was not permitted to prove. But that immaterial allegation does not in any way affect other independent allegations, one of which was that appellant falsely and fraudulently represented his actual indebtedness to be less than it was. Tenenbaum v. United States (C. C. A.) 11 F.(2d) 927. And, as it was not descriptive of any material allegation, it did not render the indictment void, or even bad, but is to be treated as surplusage. 2 Bishop's Criminal Procedure, § 45; Bailey v. United States (C. C. A.) 5 F. (2d) 437.

The order appealed from is affirmed.