## GARRETT v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. February 18, 1927.)

No. 4744.

1. **Indictment and information** ⊕⇒151—**Count of indictment should be entirely sustained or entirely overruled.**

A demurrer to a count of an indictment should be either entirely sustained or entirely overruled, and not sustained in part or overruled in part.

2. **Criminal law** ⊕⇒1167(5)—**Overruling of demurrer to count of indictment, and sustaining it in part, held reversible error.**

Action of court in sustaining demurrer to count of indictment in part and overruling it in part, in effect amending the indictment, *held* reversible error.

3. **Indictment and information** ⊕⇒153—**Indictment not destroyed by amendment resulting from overruling of demurrer to count in petition and sustaining it in part.**

Action of court in sustaining demurrer to count of petition in part and overruling it in part, resulting in amendment of petition, does not destroy the indictment, but a new trial may be had on grand jury's original finding.

4. **Criminal law** ⊕⇒192—**Defendant, whose conviction on defective counts of indictment was reversed, held entitled to benefit of acquittal on other counts.**

Defendant, convicted on 7 counts of indictment containing 17 counts, was entitled to benefit of acquittal on 10 of the counts, though judgment of conviction was reversed on writ of error because indictment was rendered fatally defective by erasures.

*Rehearing denied March 30, 1927.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

B. N. Garrett was convicted of improper use of mails in furtherance of a scheme to defraud, and he brings error. Reversed.

K. C. Barkley and J. L. Webb, both of Houston, Tex., for plaintiff in error.

H. M. Holden, U. S. Atty., and Clarence Kendall, Asst. U. S. Atty., both of Houston, Tex. (Howell Ward, Asst. U. S. Atty., of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted on 7 counts of an indictment charging him with improper use of the mails in furtherance of a scheme to defraud. There are 139 assignments of error. Fortunately, in the view we take of the case, it is unnecessary to discuss any of them.

The indictment contains 17 counts, none of which was numbered, and is very lengthy. The scheme is charged with great particularity and detail in the first count, and is incorporated in the 16 other counts by reference. A demurrer to the indictment was overruled in part and sustained in part, and the clerk was directed to strike out parts of the indictment and to number the counts. In addition to entering a formal order setting out the parts to be stricken, the judge wrote on the margin of the indictment memoranda indicating what was to be erased, and a pencil was run through the words of the indictment. The parts stricken out amount to about 56 lines of the first count, and, as they relate to the formation and operation of the scheme, necessarily every count in the indictment is affected.

[1] It is elementary that a demurrer to a count of an indictment should be either entirely sustained or overruled, and it is improper to sustain it in part and overrule it in part. However, there are some cases in which a partial overruling has been held to not result in prejudicial error. Two of those relied on by the government are Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070, and Tenenbaum v. U. S. (C. C. A.) 11 F.(2d) 927. In neither of those cases was there any physical change made in the indictment, and they are easily distinguished from the case at bar. The other cases cited are not in point.

[2] In this case it is evident that the action of the court resulted in amending the indictment, something that could not be done legally, and amounts to reversible error. Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849.

Furthermore, in numbering the counts, a mistake was made. What was really count 1 was overlooked, count 2 was numbered 1, and the numbering then continued in sequence up to sixteen. In submitting the case to the jury, the court told them the indictment contained 16 counts, so that count 1, which charged the scheme, could hardly be said to have been before them.

[3] It does not follow that the change which was made in the indictment rendered it void. On this question there are cases both ways, but we believe the better rule, and the one supported by the weight of authority, is that, instead of considering the indictment as destroyed, the amendment will be considered void and a new trial may be had on the grand jury's original finding. Bishop's New Criminal Procedure, par. 98, 14 R. C. L. 162.

[4] Notwithstanding the indictment was rendered fatally defective by the erasures, defendant is entitled to the benefit of his acquittal on 10 of the counts. U. S. v. Ball, 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300; Kepner v. U. S., 195 U. S. 100, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655.

On a new trial of the case it would be better that the trial be had on a copy of the indictment, in order to avoid any confusion in the minds of the jury.

Reversed.