**RALSTON v. COX, United States Marshal.**

No. 10013.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1941.

Writ of Certiorari Denied Jan. 12, 1942.

See — U.S. —, 62 S.Ct. 488, 86 L.Ed. —.

J. M. Johnson, of Gainesville, Ga., and Clint W. Hager, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing appellant's petition for his release from custody, discharging the writ of habeas corpus that had been issued in pursuance thereof, and remanding appellant to the custody of the appellee. The following undisputed facts are fully set out in the petition itself and exhibits thereto:

Appellant and Joe Ralston were jointly indicted by a federal grand jury for the northern district of Georgia. The first count of the indictment charged them with a conspiracy to violate the internal revenue laws of the United States; fourteen overt acts were alleged in this count. In addition, the indictment contained four other counts, all of which alleged substantive offenses under the Internal Revenue Code. Before arraignment, appellant demurred generally to each count, and specially to various overt acts that were a part of count one. The court sustained the demurrer to counts two and three, and to overt act number three of count one.

The order sustaining the demurrer further provided that "said overt act number three (3) contained in count one (1), and counts two (2) and three (3) of said indictment, are hereby stricken because of improper venue in that the offenses therein alleged are shown to have been committed in Gwinnet County, Georgia, outside the Gainesville Division of this Court."

After the above ruling, upon a jury trial, both of the defendants were found guilty on count one, and not guilty on counts four and five. Thereupon the court sentenced appellant to serve a year and a day in an institution of the penitentiary type, but deferred the execution of the sentence until July 15, 1941. On the 11th day of June, 1941, appellant surrendered himself to appellee, to begin the service of said sentence, and thereafter, on the same day, applied for the aforesaid writ of habeas corpus. The hearing below was upon a motion to dismiss the petition and discharge the writ, which was sustained.

The appellant contends that the action of the court in striking overt act number three from count one amended the indictment found by the grand jury, and rendered null and void the trial, verdict, sentence, and commitment in the cause. Counsel for appellant relies principally upon Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849.

Conceding, without deciding, that the district court erred in sustaining the demurrer to part of a count and in striking one of the overt acts set forth therein,[1] we think the whole indictment did not thereby become void. What the court did was done at the instance and request of appellant. The demurrer was filed, and the order probably was drawn, by him or his attorney. In Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, the indictment was amended on motion of the United States Attorney. There was no question of estoppel. The same is true of Dodge v. United States, 2 Cir., 258 F. 300, 7 A.L.R. 1510. These two cases were cited and followed in Stewart v. United States, 9 Cir., 12 F.2d 524.

There is no contention that the indictment in this case was ever changed by any physical amendment, erasure, alteration, or mutilation, and it is clear that, though the word stricken was used in the order,

[1] Garrett v. United States, 5 Cir., 17 F.2d 479.

the court below merely intended that counts two and three should be dismissed, and that the overt act alleged in count one should be disregarded. This is what was done, which in case of ambiguity is the best evidence of what was intended.

 If constitutional rights may be waived, as is well settled,[2] they are also subject to the legal principles of estoppel. Every presumption should be indulged in favor of jurisdiction once acquired being retained. Undoubtedly a valid indictment was returned against appellant and the court below had jurisdiction of both him and the offenses charged. The appellant is entitled to the benefit of his acquittal on counts four and five,[3] and he is now estopped to claim that jurisdiction was lost by an order induced by him, which is susceptible of the construction that the court meant nothing more than to dismiss counts two and three and to withdraw one overt act in count one from the consideration of the jury.[4]

The judgment appealed from is affirmed.

HUTCHESON, Circuit Judge (specially concurring).

I concur in and regard as well put, all that is said in the opinion in distinguishing Ex parte Bain from the case at bar. In the interest however, of laying the Bain case bogey, and particularly of allaying the ritualistic fervor of its worshipers as in the Garrett case,[1] I should like to point out a little more clearly why the Bain case was without application there, and in most of the cases in which it has been cited and purportedly followed, and particularly why it is without application here. As Mr. Justice Miller took pains to carefully set out in his opinion in the Bain case [121 U.S. 1, 7 S.Ct. 783, 30 L.Ed. 849], the transcript of the record shows that the defendants "submitted their demurrer to the indictment, which, after argument, was sustained; and thereupon, on motion of the United States by counsel, the court orders that the indictment be amended by striking out the words 'the comptroller of the currency and,' there-

in contained." In short, in order to save the indictment in that case, the charging part of it was amended. In the case at bar and in some of the cases relied on by appellant, particularly the Garrett case, there was no amendment of the indictment in order to save it. There was merely the sustaining of a motion by the defendant that certain matter in the indictment deemed by the court not material to it, should be withdrawn from the consideration of the jury as prejudicial to defendant.

To hold that a defendant may so move and that the granting of his motion amends the indictment so as to nullify it, is, I submit, not judging but logomancy.

[2] Frank v. Mangum, 237 U.S. 309, 338, 35 S.Ct. 582, 59 L.Ed. 969; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461.

[3] Garrett v. United States, 5 Cir., 17 F. 2d 479.

[4] Goto v. Lane, 265 U.S. 393, 44 S.Ct.

525, 68 L.Ed. 1070. Cf. Salinger v. United States, 272 U.S. 542, 549, 47 S.Ct. 173, 71 L.Ed. 398; Tenenbaum v. United States, 5 Cir., 11 F.2d 927; Miller v. United States, 9 Cir., 47 F.2d 120; United States v. Rossi, 9 Cir., 39 F.2d 432; United States v. Nye, C.C., 4 F. 888.

