## EDGERTON et al. v. UNITED STATES.

### No. 10136.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1944.

Otto Christensen and Gordon Lawson, both of Los Angeles, Cal., for appellant Edgerton.

Francis D. Adams, of Los Angeles, Cal., for appellant Twombly.

Charles H. Carr, U. S. Atty., and James L. Crawford, Clyde C. Downing, and Mildred L. Kluckhohn, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court in which the defendants, J. Howard Edgerton and Clifford W. Twombly, were convicted of using the mails to defraud in violation of 18 U.S.C.A. § 338. They have brought separate appeals to this court.

Appellants and five other persons were jointly charged by indictment on fifteen counts with devising a scheme and using the mails to obtain money and property from the investors in a building and loan association which was organized and conducted business under the laws of the State of California. The general nature of the alleged scheme as set forth in the indictment (and ostensibly shown by the evidence) was the creation of a corporation, First Security Deposit Corporation, hereafter called the Deposit Corporation, for

the purported purpose of liquidating the former building and loan association. Thereafter a series of independent or subsidiary corporations were created and controlled by the defendants, through which they would repurchase, at depressed market prices, interests in the Deposit Corporation held by those to be defrauded, and resell such interests at par value to the latter corporation, which they likewise controlled, thus depleting its assets in favor of themselves. It was further alleged that in the course of the scheme, certain misrepresentations were made by the defendants to induce the persons to be defrauded to invest in the Deposit Corporation.

Finally it was charged that the defendants mailed letters in furtherance of the scheme. Each of the fourteen substantive counts of the indictment set forth a separate such letter, after incorporating by reference all of the charges of the first count.

Appellant Twombly was found guilty of eight of the substantive counts. Appellant Edgerton was found guilty of twelve of the substantive counts. The other five defendants were acquitted on all counts. Edgerton has assigned several errors on this appeal. By stipulation and with the approval of the trial court, Twombly has incorporated by reference into his record these assignments of error and has also assigned other errors. But in our view of the case, we need not discuss more than one of the several errors claimed.

Of the two misrepresentations set forth in the indictment, one was that "* * * the defendants * * * did represent to the persons intended to be defrauded that the First Security Deposit Corporation [the liquidating corporation] would and did loan or advance money only upon security or properties theretofore approved as legal investments by the Superintendent of Banks or the Commissioner of Corporations of the State of California; whereas in truth and in fact, as the defendants * * * well knew, large sums of money * * * were loaned * * * without any security * * *."

On the trial there was proof that Edgerton and Twombly had participated in the making of Deposit Corporation loans entirely unsecured, but no proof that either had represented that the loans would be only upon the security and property described or on any security or property.

Upon submission of the case to the jury after the government had rested and the defendants had declined to introduce evidence, the court instructed the jury, "I have already told you that I would strike out a certain portion of the allegation which is in the indictment, being the first paragraph thereof of page 5. I strike out that portion which says: '* * * theretofore approved as legal investments by the Superintendent of Banks or the Commissioner of Corporations of the State of California * * *.'" and in a later reference to this portion of the indictment the jury was "* * * instructed to disregard" the stricken words and to read the allegation as "That the defendants * * * did represent to the persons intended to be defrauded that the First Security Deposit Corporation would and did loan or advance money only upon security or properties; whereas in truth and in fact, as the defendants * * * well knew, large sums of money * * * were loaned * * * without any security * * *." It was the opinion of the trial judge that the portion deleted was surplusage and should be stricken for want of proof.

■ Appellants contend that by these instructions the trial court worked an amendment of the indictment, for the nature of one of the alleged representations was altered by the deletion of the phrase describing the type of investment promised to be made, and that the result of this deletion was to try the defendants on a charge different from that found by the grand jury. We agree with this contention.

■ It has been long established that federal courts are without power to alter or amend indictments found by a grand jury, for otherwise the rights of persons charged with crimes would be at their mercy and control and the protection afforded by the Fifth Amendment of the Constitution would be defeated. Ex parte Bain, 121 U.S. 1, 13, 7 S.Ct. 781; 30 L.Ed. 849. The government does not deny this basic principle, but asserts that the trial court here merely withdrew from the consideration of the jury extraneous averments unsupported by evidence. In this assertion it relies upon Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398.

In that case the Supreme Court, 272 U.S. at page 548, 47 S.Ct. at page 175, 71 L.Ed. 398, held the withdrawal of all but one of several counts for want of proof did not

amend the indictment "either actually or in legal effect. It remained just as it was returned by the grand jury, and the trial was on the charge preferred in it and not on a modified charge."

We do not interpret Mr. Justice Van Devanter's remark that the principle on which Ex parte Bain rests is no broader than the situation to which it was applied, as meaning to confine its application only to those cases where but for the amendment the indictment would fail to state a cause of action. Cf. concurring opinion of Judge Hutcheson in Ralston v. Cox, 5 Cir., 123 F.2d 196, 197, certiorari denied 315 U.S. 796, 62 S.Ct. 488, 86 L.Ed. 1197. Instead, it would appear to be a reaffirmation of the principle that a count cannot be stricken in part as distinguished from a dismissal of the whole count.

Such an interpretation is borne out by the case of Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 534, 71 L.Ed. 793, decided during the same term as the Salinger case. There the court permitted the rejection of surplusage in an indictment, but further explained Ex parte Bain as condemning "* * * the striking out of words from an indictment" and distinguishing it from the case in hand by stating, "The action here complained of is merely a judicial holding that a useless averment is innocuous and may be ignored."

But here we have neither the ignoring of an innocuous averment nor a trial on an unmodified charge. Nor is there any element of estoppel barring the issue to the appellants. Johnson v. United States, 5 Cir., 124 F.2d 101, 103; Ralston v. Cox, supra. Rather, by the instruction of the trial court, a material allegation of misrepresentation was so changed that the jury may have rested its finding of guilt on a part of a charge different from that found in the indictment of the grand jury.

It is true that in the present case there has been no physical striking of a portion of the indictment. But the submission to the jury for consideration in reference to the evidence of a count which has been altered by the omission of a phrase is, in effect, to try the defendants on a charge not found by the grand jury, and it is this result which comes within the principle of the Bain case. Dodge v. United States, 2 Cir., 258 F. 300, 305, 7 L.R.A. 1510.

■ The only apparent qualification to the principle of Ex parte Bain consistently accepted, is that to vitiate an indictment the portion deleted must be from the body of the count. United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404; Barnard v. United States, 9 Cir., 16 F.2d 451; Dodge v. United States, supra. But here the portion stricken was clearly within the body of each of the substantive counts, and therefor, in that regard as well, is within the protective scope of the doctrine.

The government further contends that in any event the deletion of the matter from the sentence did not prejudice the "substantial rights" of the appellants as that phrase is used in 28 U.S.C.A. § 391. We do not agree. It is true that the crime created by the statute is the scheme to defraud and the use of the mails in furtherance thereof and that there may be a conviction without any fraudulent representation being made or anyone actually defrauded. From this standpoint the indictment's charge that persons were in fact defrauded by false representations as to the security under the loans may be regarded as unnecessary to charge a violation of the statute. Here, however, a bill of particulars was given by the prosecution before trial, stating it would prove that the false "representation was made to *all* of the certificate holders of the Railway Mutual Building and Loan Association who subsequently became bondholders and stockholders of the First Security Deposit Corporation," (emphasis supplied) that is after September 19, 1932, and after appellants became connected with the transactions under consideration in 1933.

The trial proceeded without any evidence being produced showing that the two appellants made or approved the making of such a representation. Nevertheless, with such absence of proof, the court, at the end of the trial, stressed the misrepresentation charged in the indictment—magnifying its importance by striking out the words limiting the misrepresentation to the securities approved by the Superintendent of Banks and altering the indictment to charge a misrepresentation that all the loans would be secured. Coming after four weeks of confusing testimony, motions, rulings, and complicated instructions, covering 1191 pages of transcript here, jurymen, unskilled in such involved transactions as there described, would naturally infer "Why, Edgerton and Twombly must have made these misrepresentations or the judge would not be so stressing them." In this situation, the

700

jurors well may have disbelieved other evidence of guilt but thought that the making of the unsecured loans itself constituted the crime. We cannot say that appellants were not prejudiced by the court's alteration of the indictment when we consider that it came at the end of the trial, under the circumstances described.

It is our conclusion that the trial court erred in striking a portion of each of the substantive counts and the judgment must be reversed and the case remanded.

Reversed and remanded.

STEPHENS, Circuit Judge (concurring).

I concur in the decision reached by Judge DENMAN and in the opinion prepared by him insofar as it treats of the amendment to (or the deletion from) the indictment. Implicit in the reason for the holding that the amendment is fatal to the judgment is the conclusion that the amendment does affect the substantial right of appellants.

WILBUR, Circuit Judge.

I concur in Judge STEPHENS' concurring opinion.