**CARTY et al. v. UNITED STATES.**

No. 12590.

United States Court of Appeals
Ninth Circuit.

May 17, 1951.

Rehearing Denied July 10, 1951.

Otto Christensen, John J. Irwin, Los Angeles, Cal., for appellants.

Ernest A. Tolin, U. S. Atty., Walter S. Binns, Chief Asst. U. S. Atty., Herschel E. Champlin, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS and ORR, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Appellants were tried upon an information charging that they did take, hunt and kill migratory game birds over baited ponds and areas by use of shelled grain as a lure, by a jury and convicted. They appeal. In their brief, they recite: "The appellants consist of farmers, businessmen and public officials who had either been born or resided for many years in and about the City of Oxnard, Ventura County, California. The appellant, Maxwell, an attorney, had been United States Commissioner for the District, President of the County Bar Association of Ventura County, and had served on the Draft Board. The appellant, Carty, at the time of the trial, was Mayor of the City of Oxnard, which position he had held for six years. He was Past President of the League of California Cities and of the National Association of Municipal Legislators, and had an interest in conservation work for 30 years, having been president of many sportsmen's clubs, Ventura County Gun and Rod Club, the Southern Council of Wardens, Southern California Sportsmen, and State Sportsmen's Council. In addition, at the time of his trial he was a member of the California Fish and Game Commission, and was such a Commissioner on appointment of two governors. There was uncontradicted evidence of the excellent and good character of the appellants."

Besides this, appellants complain of two errors:

(1) Failure to give an instruction that, if the defendants had been entrapped by the officers, they should be acquitted; and

(2) Inclusion of an instruction that, if the baiting were done prior to the season, a conviction might follow if the birds were thus drawn to the area.

As to the first point, there was no evidence of entrapment. The Court did not err in refusing to give the requested instruction. The evidence does show that the defendants went to great extent to use their influence and the prestige of their social and political positions upon the game wardens, in order to obtain immunity from prosecution. But the jury convicted nevertheless.

The officers did not implant the idea of shooting ducks over a fed lake in the minds of defendants. It was not an original idea, but appellants thought it up as the evidence shows. The jury were entitled to find that there was shelled barley in front of the blinds which at that time and place constituted a lure to the birds. The jury could find that each of appellants took birds by shooting over a fed lake. The jury could

also have found from the evidence that each of appellants knew there was shelled grain which lured the birds at the time and place.

The only difficulty with this is that the agents of the government led the Court into error. They requested and the Court gave an instruction which reads: "You are instructed that the regulations concerning the baiting of migratory birds is violated whether the hunters had pursued the indirect method of baiting before the season opened so as to keep the birds in the hunting area to be shot after the season opens, whereupon the hunters may flush them as they walk or punt over the preserves, or by directly placing the grain or other feeds in front of the blinds or stands during the season."

If it be conceded that a possible interpretation of the statute would permit a charge of baiting before the season opened, so as to keep the birds in hunting area to be shot after the season opened,[1] in this case the instruction was erroneous. It was shown by the record that the area had been fed about ten days before with the knowledge and consent of game wardens. But the information made the specific charge that the birds were taken over "baited ponds and areas by means, aid and use of shelled grain." This charge could not be established by proof of a baiting before season if there were no shelled grain in the area contemporaneously with the shooting. Notwithstanding we believe the jury might have found defendants guilty of the charge as laid, this instruction amended the information and defendants were tried upon a charge different from that which they were called to defend by the language thereof. We cannot therefore speculate upon how much weight the jury may have given to the instruction. This was error superinduced by the agents of the government. Nor is this a technicality. The giving of

the instruction constituted a flagrant abuse of due process.[2]

The cause is reversed and a new trial ordered.

---

1. Cerritos Gun Club v. Hall, 9 Cir., 96 F.2d 620, 624; cf. Cochrane v. United States, 7 Cir., 92 F.2d 623.

2. See Edgerton v. United States, 9 Cir., 143 F.2d 697. "Conviction upon a charge not made would be sheer denial of due process." De Jonge v. Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278.