SALINGER *v.* UNITED STATES.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA.

No. 238. Argued October 21, 1926.—Decided November 23, 1926.

1. The statutes which define and distribute federal appellate juris-
   diction and make the existence of a constitutional question the
   test of the right to a review, as also of the court in which the
   review may be had, always have been construed as referring to a

question having sufficient substance to deserve serious considera-
tion, and not one which is so devoid of merit as to be fanciful or
frivolous, or which is not open to discussion because settled by
prior decisions.  P. 544.
2.  An indictment charging the offense of causing a letter to be deliv-
ered by mail in a designated district in furtherance of a fraudulent
scheme, is triable in that district, though it shows that the letter
was mailed elsewhere.  *Salinger* v. *Loisel,* 265 U. S. 224.  P. 546.
3.  The purpose of the guaranty of the right of confrontation in the
6th Amendment is to continue and preserve that right as it already
existed, with its recognized exceptions, at common law.  P. 548.
4.  Admission in a criminal case of evidence, otherwise hearsay, but
admissible at common law because of its relation to the defendant
through his own acts and conduct, is not a departure from this
guaranty.  P. 547.
5.  Withdrawal by the Court from the jury of parts of an indict-
ment unsupported by evidence is not an amendment of the indict-
ment, and is not even remotely an infraction of the constitutional
provision that " no person shall be held to answer for a capital or
otherwise infamous crime unless on a presentment or indictment of
a grand jury."  P. 548.
6.  Where a writ of error which should have been taken from the
Circuit Court of Appeals was allowed from this Court before the
Jurisdictional Act of February 13, 1925, the case must be trans-
ferred to that court under the Act of September 14, 1922, which,
although repealed by the Act of 1925, is to be applied, under the
terms of the saving clause, to proceedings for the review of judg-
ments rendered theretofore.  P. 549.
Cause Transferred.

Error to a conviction in the District Court for a viola-
tion of § 215 of the Criminal Code which makes it a
criminal offense to use the mail for the purpose of exe-
cuting a scheme to defraud.

*Messrs. B. I. Salinger* and *Arthur F. Mullen,* with whom
*Mr. Robert Healy* was on the brief, for the plaintiff in
error.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney
General, with whom *Solicitor General Mitchell* and *Mr.*

*Randolph S. Collins,* Attorney in the Department of Justice, were on the brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

By this direct writ of error we are asked to review a judgment of conviction in the federal district court for South Dakota for a violation of § 215 of the Criminal Code which makes it a criminal offense to use the mail for the purpose of executing a scheme to defraud. The writ was sued out on the assumption that the case is one involving the construction and application of certain provisions of the Constitution relating to accusations and prosecutions for criminal offenses. If the assumption was right the writ was properly allowed under § 238 of the Judicial Code as existing at that time (November 29, 1924); otherwise the review should have been sought in the Circuit Court of Appeals.

The statutes which define and distribute federal appellate jurisdiction and make the existence of a constitutional question the test of the right to a review, as also of the court in which the review may be had, always have been construed as referring to a question having sufficient substance to deserve serious consideration, and not one which is so devoid of merit as to be fanciful or frivolous, or which is not open to discussion because settled by prior decisions. *Goodrich* v. *Ferris,* 214 U. S. 71, 79, 81; *Brolan* v. *United States,* 236 U. S. 216; *Sugarman* v. *United States,* 249 U. S. 182. Under a different construction the restrictions and distributing provisions in the statutes would have little purpose; for constitutional questions of no substance readily could be devised and presented as mere pretexts for obtaining a review on other questions. *United Surety Co.* v. *American Fruit Co.,* 238 U. S. 140, 142.

This case, being criminal, belongs to a class in which the review ordinarily is to be had in the Circuit Court of Appeals, Judicial Code, § 128. Therefore it becomes material to inquire whether the constitutional questions said to be involved are adequate to bring the case within the exceptional provision in § 238 for a review by this Court on direct writ of error.

The grounds advanced for invoking such a review are:

1. The conviction in the District of South Dakota was in violation of the provision in the Sixth Amendment to the Constitution entitling an accused to a trial in the State and district wherein the crime was committed, because (a) the indictment definitely charged the crime as committed in the Northern District of Iowa; (b) if the indictment did not so charge, it was uncertain in that it did not show whether the place of the crime was in one district or in the other, and (c) there was no evidence that the place was in the District of South Dakota.

2. The charging part of the indictment was so indefinite and ambiguous that the accused was not informed of the nature of the accusation as required by the same Amendment.

3. On the trial hearsay evidence was admitted over the accused's objection that its admission would be in derogation of his right under that Amendment to be confronted with the witnesses against him.

4. Contrary to the Fifth Amendment the accused was held to answer for an infamous crime otherwise than on an indictment by a grand jury, in that on the trial the court, being of opinion that part of what was charged in the indictment had no support in the evidence, withdrew that part from the jury and left them free to convict on what remained without a resubmission to a grand jury.

When these contentions are stated without more some of them appear to present serious constitutional ques-

‘ 23468°—27——35

tions, but it is quite otherwise when they are examined in connection with pertinent portions of the record and in the light of prior decisions.

The indictment contained several counts. All related to the same scheme to defraud, but each charged a distinct use of the mail for the purpose of executing the scheme. There were three defendants. Two were acquitted on all counts. Salinger, the other defendant, was convicted on the seventh count and acquitted on the others. His conviction on that count is what we are asked to review, the assignments of error being unusual in number and directed against almost everything done in the case.

The offense charged in that count was that the defendants devised a described scheme to defraud and, for the purpose of executing it, knowingly caused a letter to be delivered by the mail, according to the direction thereon, at Viborg, in the District of South Dakota, the letter and the direction being set forth. Then, by way of explaining how the delivery was brought about the count further charged that the defendants had caused the letter to be placed in the post office at Sioux City, Iowa, for delivery through the mail at Viborg, South Dakota, according to the address thereon.

It is very plain that the offense charged was causing the letter to be delivered by mail in South Dakota in furtherance of the scheme, and that the proper place of trial was in the District of South Dakota, where the delivery was effected as intended. We so held in a proceeding where Salinger was resisting removal to that district for trial on this indictment. *Salinger* v. *Loisel*, 265 U. S. 224. The question hardly was debatable then, and certainly has not been an open one since. The assertion that there was no evidence of the commission of the offense in that district amounts to no more than saying that the offense charged was not proved, and

therefore that a verdict of acquittal should have been directed. But it has no bearing on the district in which the offense charged was to be tried.

Of the contention that the indictment did not conform to the constitutional provision entitling the accused to be informed of the nature of the accusation it suffices to say that after reading the indictment we think the contention is so plainly without any fair basis as to be frivolous.

The evidence which is characterized as hearsay and said to have been received in violation of the accused's right to be confronted with the witnesses against him consisted of letters, bank-deposit slips and book entries. As to many items their admission became of no moment when Salinger was acquitted on all but one of the counts and the other defendants on all. As to some the instructions to the jury prevented their admission from affecting Salinger, for the court said that as to each defendant the question of his guilt or innocence was strictly personal and that he could not be found guilty on evidence that was not traced back to him personally, nor by reason of any conduct of others for which he was not directly accountable and responsible. Of the remaining items some must be put aside as negligible for other reasons. Those deserving mention were received on the theory, not that they were admissible in themselves, but that Salinger's acts and conduct, shown by other evidence, had brought him into such relation to them as to make them admissible in connection with that evidence. To illustrate: Some of the letters, although written by persons not produced as witnesses, were shown to have been laid before Salinger and answered by him; and on this ground they were admitted along with the answers. Evidence equally potent in showing his relation to other material items underlay their admission. Thus the challenged evidence was received, not as having merely a hearsay status, but because proved acts or conduct of Salinger had brought

him into such relation to it as to make it more than hearsay as to him.

The right of confrontation did not originate with the provision in the Sixth Amendment, but was a common-law right having recognized exceptions. The purpose of that provision, this Court often has said, is to continue and preserve that right, and not to broaden it or disturb the exceptions. *Mattox* v. *United States,* 156 U. S. 237, 243; *Robertson* v. *Baldwin,* 165 U. S. 275, 281–282; *Kirby* v. *United States,* 174 U. S. 47, 61; *Dowdell* v. *United States,* 221 U. S. 325, 330. The present contention attributes to the right a much broader scope than it had at common law, and could not be sustained without departing from the construction put on the constitutional provision in the cases just cited.

Plainly the question in respect of confrontation is not of any substance.

The contention that the court, by withdrawing from the jury a part of the charge as without support in the evidence, amended the indictment and thereby prevented it from longer serving as an accusation by a grand jury is on no better plane than the others. The indictment was not amended, either actually or in legal effect. It remained just as it was returned by the grand jury, and the trial was on the charge preferred in it and not on a modified charge. After the evidence was put in, the accused, believing that part of the charge had no support in the evidence, requested that that part be withdrawn from the jury; and the court acceded to the request when the final instructions were given. The scheme to defraud as set forth in the indictment was manifold in that it comprehended several relatively distinct plans for fleecing intended victims. What the court withdrew from the jury was all of these plans but one. Thus the court ruled that the evidence while tending to sustain the charge as respects one of the plans did not give it any

support as respects the others. Whether this was right or wrong—as to which we intimate no opinion—it did not work an amendment of the indictment and was not even remotely an infraction of the constitutional provision that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury." *Goto* v. *Lane,* 265 U. S. 393; *State* v. *Evans,* 40. La. Ann. 216, 218. And see *Crain* v. *United States,* 162 U. S. 625, 636; *Hall* v. *United States,* 168 U. S. 632, 638–639. In the case of *Ex parte Bain,* 121 U. S. 1, on which the accused relies, there was an actual amendment or alteration of the indictment to avoid an adverse ruling on demurrer, and the trial was on the amended charge without a resubmission to a grand jury. The principle on which the decision proceeded is not broader than the situation to which it was applied.

We are of opinion that the constitutional questions advanced to secure the direct writ of error are all so wanting in substance that they afford no basis for the writ.

As the writ was allowed before the Act of February 13, 1925, c. 229, 43 Stat. 936, the case must be transferred to the Circuit Court of Appeals under the Act of September 14, 1922, c. 305, 42 Stat. 837, which, although repealed by the Act of 1925, is to be applied, under the terms of the saving clause, to proceedings for the review of judgments rendered theretofore.

*Transferred to Circuit Court of Appeals.*