Comello **RAYMOND**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20668.

United States Court of Appeals
Ninth Circuit.

April 14, 1967.

Rehearing Denied May 15, 1967.

Marvin Rothman, Berkeley, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., John A. Mitchell, Alan D. Sirota, Phillip Johnson, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before CHAMBERS, BARNES, and BROWNING, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating 18 U.S.C. § 1952 (1964), which makes it unlawful to use any facility in interstate commerce with intent to promote any "unlawful activity," and to thereafter attempt to perform such "unlawful activity." "Unlawful activity" is defined to include "prostitution offenses in violation of the law of the State in which they are committed."

The indictment charged that appellant used a telephone line from Las Vegas, Nevada, to San Diego, California, for the promotion and carrying on "of prostitution, an unlawful activity, and thereafter attempted to perform the promotion and carrying on of prostitution, in violation of the laws of Nevada." As the district court read the Nevada statutes, prostitution itself was not an unlawful activity, but facilitating or carrying on prostitution in particular ways was unlawful. The court therefore instructed the jury that it would not be sufficient that appellant intended to promote prostitution, but it must appear that he intended to promote the carrying on of prostitution in a manner violative of the laws of Nevada, and, specifically, in violation of N.R.S. 201.300 which made it unlawful for any person to persuade or encourage a female to become an inmate of a place where prostitution was practiced, or to agree to receive any money for procuring a female to come into the state for the purpose of prostitution.

In the course of these instructions the court told the jury that it might disregard as surplusage the two words "of prostitution" as they appear at the beginning of the language quoted from the indictment. Appellant argues this amounted to a prohibited amendment of the indictment.

In context, it is obvious that the court's remark that the words "of prostitution" might be disregarded was intended to clarify the meaning of the charge, and avoid a misinterpretation which

could only have been adverse to the appellant. At most, "The action here complained of is merely a judicial holding that a useless averment is innocuous and may be ignored." Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 534, 71 L.Ed. 793 (1927). See also Salinger v. United States, 272 U.S. 542, 548–549, 47 S.Ct. 173, 71 L.Ed. 398 (1926); Vincent v. United States, 337 F.2d 891, 895 (8th Cir. 1964); and Overstreet v. United States, 321 F.2d 459, 461 (5th Cir. 1963).

■ Appellant asks us to review certain instructions relating to the law of Nevada, and to the issue of entrapment.* There was no objection to these instructions in the trial court (Fed.R.Crim.P. 30), and on an examination of the entire record, we are satisfied that there was no plain error affecting substantial rights. Fed.R.Crim.P. 52(b).

Appellant asked the government's principal witness to name the person who first put her in contact with government agents. She refused to answer on the ground that disclosure would expose an innocent "personal friend" to needless embarrassment.

■ The government objected to the question on the grounds of relevancy; the objection was sustained by the trial court but with the express qualification that the ruling was without prejudice to counsel's right to pursue the line of inquiry upon a demonstration of the materiality of the information sought. Counsel for appellant abandoned the inquiry without any attempt to proceed along the lines suggested by the trial judge, or to otherwise advise the court of the question's purpose. The information sought was not "inevitably and patently material." On such a record we find no error. Harris v. United States, 371 F.2d 365, 366 (9th Cir. 1967).

Affirmed.

* Appellant's contention that the evidence establishes entrapment as a matter of law

cannot survive even a casual reading of the record.