**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dory AUERBACH, Irving Gottlieb, and David Prosser Randell, Defendants-Appellants.**

**No. 26343.**

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1970.

Robert Orseck, Podhurst & Orseck, Miami, Fla., for Auerbach and Gottlieb.

Joseph J. Lyman, Washington, D. C., for Randell.

William A. Meadows, Jr., U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

ON PETITIONS FOR REHEARING

Before WISDOM, GEWIN, and AINSWORTH, Circuit Judges.

PER CURIAM:

All of the defendants-appellants have petitioned for rehearing. One of the appellants, David P. Randell, has reiterated his original contention that the trial court's order dismissing portions of the indictment constituted an amendment of the indictment thereby ousting the trial court of jurisdiction to proceed to trial. In our per curiam opinion of December 9, 1969, we did not discuss this contention, because of the liberalizing effect Rule 7(c) and (d) has had on the principles enunciated in Ex parte Bain, 1886, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849. We have, however, carefully reviewed the authorities on this point and conclude that the trial court did not commit reversible error. See Overstreet v. United States, 5 Cir. 1963, 321 F.2d 459 and Thomas v. United States, 5 Cir. 1967, 398 F.2d 531, analyzing in detail the Supreme Court's ruling in *Bain*. *See also* Salinger v. United States, 1926, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398; 1 C. Wright, Federal Practice and Procedure, § 127 at 275–276 (1969) and 8 J.Moore, Federal Practice, ¶ 7.05 [1]–[3] (1969 Cum.Supp.).

It is ordered that the petitions for rehearing filed in the above entitled and numbered cause be and the same are hereby denied.