**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Shirley Kay GRIFFIN and Toyling Griffin a/k/a Toyling Griffin Howell,**
**Defendants-Appellants.**

**Nos. 71–1760, 71–1761.**

United States Court of Appeals,
Tenth Circuit.

June 19, 1972.

Rehearing Denied July 11, 1972.

E. Edward Johnson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Charles S. Scott, of Scott, Scott, Scott & Jackson, Topeka, Kan., for defendants-appellants.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The indictment charged that defendants-appellants by threats and force injured, and endeavored to intimidate, Stephanie Harris, a witness in federal court proceedings. The jury found them

guilty. They seek reversal on the ground that the district court erroneously amended the indictment.

Harris gave information to a government agent about the robbery of a Kansas bank on August 10, 1970. No preliminary hearing was held on the charges relating to the robbery. Three persons, including the brother of the defendants, were indicted on August 20, for that offense. There is no claim that Harris appeared before the grand jury. She testified at the first trial of the robbery case on December 8, which resulted in a mistrial, and also in the second trial in April, 1971, which resulted in an acquittal.

■ In the early morning hours of August 24, 1970, Harris was in a Kansas night club. The defendants were among those present at the club. There was an altercation, involving Harris, the defendants, and others, first inside and later outside the club. Unidentified persons said with reference to Harris "I'm going to get you for putting my brother in jail," "That bitch told on my brother," and she "finked on their brother." Harris was assaulted and beaten. The defendants were identified as participating in the beating. The evidence is sufficient to establish the use by the defendants of threats and force to injure and intimidate Harris.

The indictment refers to Harris' testimony before a United States magistrate and the proof showed no such testimony. The court held that reference to such testimony should be withdrawn from jury consideration and instructed that the allegations of the indictment as to testimony before the magistrate "are withdrawn from your consideration."

The sanctions of 18 U.S.C. § 1503 apply to one who "by threats or force * * * endeavors to influence, intimidate, or impede any witness, in any court of the United States * * * on account of his testifying or having testified to any matter pending therein * * *." With the omission of the withdrawn matter the indictment charged that on August 24, 1970, in the District of Kansas the defendants did "by threats and force injure the person of and endeavor to intimidate a witness, Stephanie Karen Harris, on account of * * * a matter pending * * * namely Case Number T–CR–1474, United States v. Teryal Eugene Turner, et al., in the United States District Court for the District of Kansas, in violation of Title 18 U.S.C. § 1503."

■ Except for matters of form, a court may not amend an indictment. Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849; Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252; and see 1 Wright, Fed.Pract. & Proc. § 127, p. 271 et seq. The withdrawal of a part of the charge from jury consideration does not work an amendment of the indictment provided nothing is thereby added to the indictment. Salinger v. United States, 272 U.S. 542, 548–549, 47 S.Ct. 173, 71 L.Ed. 398; Overstreet v. United States, 5 Cir., 321 F.2d 459, 461; United States v. Auerbach, 5 Cir., 423 F.2d 676, cert. denied 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 560; Mellor v. United States, 8 Cir., 160 F.2d 757, 763, cert. denied 331 U.S. 848, 67 S.Ct. 1735, 91 L.Ed. 1858; and United States v. Krepper, 3 Cir., 159 F.2d 958, 971, cert. denied 330 U.S. 824, 67 S. Ct. 865, 91 L.Ed. 1275. In the case at bar we have the withdrawal of a portion of the indictment. The circumstances of this case are such that the withdrawal did not enlarge or extend the charge.

■ The question is whether the remaining allegations state an offense. See 1 Wright, Fed.Pract. & Proc. § 127, pp. 274–275. We believe that they sufficiently allege a § 1503 offense. They charge the use of threats and force to injure a witness, and to intimidate her, on account of an identified pending case in federal court. This is enough. They follow the statute and fairly apprise the defendants of the charges which they must meet.

■■ The issue then is whether the proof sustains the charge. At the time

of the assault Harris had given information to a government agent but had not testified in court. Her testimony came after the assault. Section 1503 is designed to protect the administration of justice in federal courts and those participating therein. Within the meaning of § 1503, a witness is one who knows, or is supposed to know, material facts and is expected to testify to them or to be called as a witness to so testify. Hunt v. United States, 5 Cir., 400 F.2d 306, 307 and cases there cited, cert. denied 393 U.S. 1021, 89 S.Ct. 629, 21 L. Ed.2d 566; see also United States v. Grunewald, 2 Cir., 233 F.2d 556, 571, reversed on other grounds 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931. Harris comes within this definition. She had given information about an offense for which the defendants' brother was indicted. The defendants confronted her with her actions, threatened her, and forcefully assaulted her. This is enough. The application of § 1503 to prospective witnesses is essential to maintain the integrity of federal courts.

Affirmed.