**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Bernard GRIZAFFI et al., Defendants-Appellants.**

**No. 71–1661.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 19, 1972.

Decided Dec. 4, 1972.

Rehearing and Rehearing En Banc Denied Jan. 2, 1973.

---

Robert S. Bailey, John M. Bowlus and Russell Woody, Thomas P. Sullivan and Leah S. Hamilton, Frederick F. Cohn, Chicago, Ill., for defendants-appellants.

James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before STEVENS and SPRECHER, Circuit Judges, and GORDON,* District Judge.

MYRON L. GORDON, District Judge.

The defendants Bernard Grizaffi, Leonard Falcone and Carl N. Svejcar were named in a six count indictment. Count I charged a conspiracy under 18 U.S.C. § 371 to do the following: to misapply the funds of the federally insured Apollo Savings and Loan Association (Apollo); to conceal material facts from and falsify statements to the government; to make false entries in the books and reports of Apollo with intent to deceive the Federal Savings and Loan Insurance Corporation (FSLIC) and others; to make false statements for the purpose of influencing the FSLIC; and to devise a scheme to defraud, the attempted execution of which involved the use of the United States mails.

Counts II and III alleged substantive violations of 18 U.S.C § 1008 with respect to letters sent to an examiner for the Federal Home Loan Bank Board by the defendant Svejcar on December 25, 1965, and January 19, 1966. Counts IV, V and VI involved substantive charges of mail fraud under 18 U.S.C. § 1341 concerning the same scheme alleged in Count I, and specified certain letters caused to be mailed by the defendants.

The defendants Grizaffi and Falcone were building contractors and land developers who had financial dealings with Apollo. The defendant Svejcar was vice president of Apollo, in charge of the "Real Estate Held for Development" department. This case arose mainly out of an arrangement between the defendants whereby Grizaffi and Falcone were to construct a planned development on 82 acres of land owned by Apollo. The indictment depicted the agreement as one under which Grizaffi and Falcone purchased parcels of the real estate from Apollo by using funds borrowed from other lenders, with Apollo guaranteeing the loans. Apollo also agreed to pay for the improvements to the parcels purchased and hired Grizaffi and Falcone as contractors to make those improvements.

The indictment charged that the defendants caused the books and records of Apollo falsely to reflect substantial income from the sales by failing to reflect the contingent nature of the sales and by grossly understating the actual and estimated costs of improvements. It further charged that the defendants thereby caused Apollo's books and records falsely to show such income as available for semi-annual dividends.

Three paragraphs of the conspiracy count were dismissed prior to trial on the government's motion. Counts II and III were dismissed as to Grizaffi and Falcone at the conclusion of the defendants' case on the government's motion.

After a two week trial, a jury returned guilty verdicts against the defendants on all the remaining counts.

The defendants Grizaffi and Falcone claim several errors on this appeal. The defendant Svejcar, who filed a separate

* District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

brief, reiterates Grizaffi and Falcone's claims and raises additional issues.

## SUFFICIENCY OF THE EVIDENCE

The defendants argue that this court is required to test the sufficiency of the government's case in chief, and they contend that the government's evidence failed to establish a *prima facie* case. Since the defendants introduced evidence on their own behalf, however, "our determination must be made in light of *all* the evidence." United States v. Tubbs, 461 F.2d 43, 45 (7th Cir. 1972) (emphasis added). See also United States v. Calderon, 348 U.S. 160, 164, 75 S.Ct. 186, 99 L.Ed. 202 (1954). Furthermore, in determining the sufficiency of the evidence, we must view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Mims, 340 F.2d 851, 852 (7th Cir. 1965), cert. denied, 381 U.S. 913, 85 S.Ct 1535, 14 L.Ed.2d 434 (1965).

We do not believe it necessary to detail the extensive evidence presented in this case, nor do we think it valuable for us to state the specific facts which that evidence tended to prove. We have, reviewed the briefs, appendices and relevant portions of the record and find that there was ample material evidence from which the jury could find the defendants guilty.

## SUFFICIENCY OF THE INDICTMENT

It is urged that the indictment was insufficient insofar as it charged the defendants with wilfully misapplying or conspiring to misapply the funds of Apollo. It is also claimed that the alleged vagueness of the indictment allowed, and was reflected in, a prosecution of the case that continually shifted in theory.

We believe the indictment sufficiently alleged the essential facts constituting the offenses charged. Rule 7(c), Federal Rules of Criminal Procedure. Despite the complexity of the factual circumstances involved, the indictment fairly apprised the defendants of those activities alleged to be unlawful. Count I charged a conspiracy, alleged the illegal objects of that conspiracy, and stated several overt acts said to have been performed in furtherance of that conspiracy. The remaining counts charged specific substantive violations of federal laws allegedly committed by the defendants. Wilfull misapplication was charged as one of several illegal objects of the conspiracy. As part of a conspiracy charge, it need not be alleged as precisely as would be necessary in a substantive count. United States v. Brandom, 273 F.Supp. 253, 258 (E.D. Wis.1967).

Conviction under a conspiracy count is proper if any one of the illegal objects of the conspiracy is sufficiently proved. United States v. Tanner, 471 F.2d 128 (7th Cir. 1972). The conspiracy count charged the defendants with causing false entries to be made in Apollo's books and records, concealing of material facts from government agencies, and devising a scheme to defraud. We find, therefore, that the defendants' challenge to the indictment must fail.

Similarly the defendants' claim of "shifting theories" on the part of the prosecution is without merit. The defendants point to various portions of a complex record and urge that the government did not understand the facts of the case and was unsure of its direction. We believe the record demonstrates that the government's presentation was designed to confirm the charges in the indictment in a reasonably consistent manner, under the factual circumstances of the case.

## "AMENDMENT" OF THE INDICTMENT

As previously noted, three paragraphs of the conspiracy count were dismissed, on the government's motion, prior to trial. Paragraph 4 charged that it was a part of the conspiracy that

Grizaffi and Falcone would be able to develop and sell the real estate with no investment or risk of their own. Paragraph 7 charged that Grizaffi and Falcone would receive construction loans from Apollo, that the proceeds of the loans would go to their lenders, and, therefore, that there would likely be insufficient funds available for construction. Paragraph 8 charged that substantial portions of the construction loans were to be treated as loan fees by Apollo, reflected in Apollo's books as earnings, with the likely result that insufficient funds would be available for construction. The defendants contend that the dismissal of these paragraphs constituted an unconstitutional amendment of the indictment.

In our opinion, the dismissal of paragraphs 4, 7 and 8, particularly coming as it did before trial, did not have the effect of amending the indictment but, instead, merely narrowed the issues presented. Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398 (1926), Thomas v. United States, 398 F.2d 531 (5th Cir. 1967).

## EXCLUSION OF EVIDENCE

■ The defendants assign as error the court's exclusion of evidence which, the defendants claim, would have tended to show the profit possibilities of the arrangement. Assuming, arguendo, that such evidence was relevant in a case involving alleged false statements and records, we are not persuaded that exclusion was error.

Testimony of an accounting expert was excluded when it became evident that he would do no more than make basic arithmetical computations with figures supplied to him by counsel. It is a proper exercise of discretion for a court to exclude expert testimony concerning matters clearly within the realm of jurors' comprehension. United States v. Alker, 260 F.2d 135, 155 (3rd Cir. 1958).

Other evidence was allowed tending to establish the defendants' point regarding profitability. Furthermore, counsel were permitted to argue the point to the jury, despite its questionable relevance. We are not persuaded that the court abused its discretion in excluding what evidence it did.

## REFUSAL TO GIVE INSTRUCTIONS

Error is alleged in the court's refusal to give a missing witness instruction. Edward Kelly, the chief operating officer of Apollo and an unindicted co-conspirator, was under government subpoena during the government's case in chief, but he was not called as a witness. The defendants contacted Kelly before the conclusion of the government's case, and Kelly was brought into the courtroom and made available to the defendants. The record demonstrates that the defendants had it within their power to call him as a witness. They did not do so, however, because Kelly refused to discuss the case with them, and, therefore, they were uncertain of the testimony he might give.

■ A missing witness instruction allows the jury to draw an unfavorable inference from a party's failure to call a witness when that witness is peculiarly within the party's power to produce, and his production would be natural but for some apprehension about his testimony. Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 37 L.Ed. 1021 (1893); Burgess v. United States, 142 U.S.App. D.C. 198, 440 F.2d 226, 231 (1971); Richards v. United States, 107 U.S.App.D. C. 197, 275 F.2d 655 (1960).

■ It cannot fairly be said that Kelly was peculiarly within the control of the government; there is also no reason to believe the defendants had any right to be any more apprehensive about his testimony than the government. Although Kelly, on advice of his attorney, refused to discuss the case with the defendants, it simply does not logically follow that his testimony somehow would have been unfavorable to the government.

The defendant Svejcar challenges the court's refusal to give two of his proposed instructions. The first would have called for a not guilty finding on the conspiracy count upon a determination by the jury that he was unaware of the actual method of recording transactions in Apollo's books. Such an instruction would have been improper. Svejcar was charged with conspiring to cause false entries to be made in the books. Proof of knowledge of the mechanics involved in making accounting entries was not required.

The second instruction refused was a general instruction dealing with the defense of good faith with regard to counts II and III. It is clear that the jury was properly advised of such defense by the instructions describing knowledge of the falsity of representations as a prerequisite to a guilty finding. Thus, refusal to give the good faith instruction was not error.

Svejcar also urges reversal on the basis of the court's failure to give an instruction concerning the weight to be given to the testimony of expert witnesses. He asserts that Richard Glomb's responses to hypothetical questions constitute expert testimony necessitating the instruction. Glomb was not presented as an expert. His testimony was elicited through hypothetical questions only after defense objections were made to the form of direct questions. However, even if we were to accept the proposition that the responses thereby became expert testimony, we do not find error in the court's refusal to give the instruction. At the time the instruction was requested, the court asked defendants' counsel whether there had been any expert witnesses. Glomb was not named at that time. The court properly refused the instruction because those who were named either were not experts or did not give opinions. There is no challenge to the refusal as to those witnesses, and a challenge will not be entertained at this time as to Glomb. Finally, if it were error to have refused this instruction, such error would fall far short of being prejudicial.

## THE "KNOWLEDGE" INSTRUCTION

The defendant Svejcar objects to the use of LaBuy Instruction No. 4.05. LaBuy Manual on Jury Instructions in Federal Criminal Cases, 33 F.R.D. 523, 553 (1963). He claims that the last sentence of the instruction— "No person can intentionally avoid knowledge by closing his eyes to facts which prompt him to investigate"—is allowable only when qualified with specific instructions informing the jury that guilt cannot be based on negligence. We disagree. The instruction plainly states that knowledge cannot be "intentionally" avoided, and, consequently, it does not suggest that negligence is an acceptable basis for a finding of guilt. The instruction is a proper statement of the law. See United States v. Squires, 440 F.2d 859, 864 (2d Cir. 1971). Furthermore, the court informed the jury in other instructions that convictions could not be based on mistake or accident and that good faith was a defense.

## CONDUCT OF THE COURT AND JURY

Finally, the defendants urge that they were denied a fair trial by jury because of the court's "constant interjection as a prosecutor", the "inflection and emphasis" of the court's charge to the jury, and the short period of jury deliberation. We have studied the record, examined the court's charge to the jury, and reviewed the status of the evidence at the time of submission to the jury. The defendants' contentions are without merit.

Affirmed.