Thomas W. WHALEN, Appellant,

v.

UNITED STATES, Appellee.

No. 8583.

District of Columbia Court of Appeals.

July 14, 1978.

W. Gary Kohlman, Public Defender Service, Washington, D.C., was on the petition for appellant.

Earl J. Silbert, U. S. Atty., Washington, D.C., with whom John A. Terry and Peter E. George, Asst. U. S. Attys., Washington, D.C., were on the petition for appellee.

Before NEWMAN, Chief Judge, and KELLY,* KERN, GALLAGHER, NEBEKER, YEAGLEY,* HARRIS, MACK and FERREN, Associate Judges.

ORDER

PER CURIAM.

On consideration of the petitions filed herein by counsel for appellant and by counsel for appellee for rehearing or, alternatively, for rehearing en banc and a majority of the en banc Court having voted to deny the petitions, it is

ORDERED that the en banc petitions be denied; and it is

FURTHER ORDERED for the division that the petitions for rehearing are denied.

Statement by Associate Judge GALLAGHER of reasons for not voting to grant appellee's petition for rehearing en banc: I agree with the government that the Hearing Division was in error in holding that the trial court impermissibly "amended" the indictment in this case. I do not consider, however, that my view on this requires a vote to go en banc on the issue. I say this, in particular, because I believe it will be a *simple* matter for the government to avoid a repetition of this decision in the future.

The government's problem, obviously, will be to draft its indictments so as to avoid a conclusion that it is "an unseverable, unitary charge" in a similar situation when the conjunctive is utilized. For example, if the burglary had been charged here as being an entry (a) with intent to steal and (b) with intent to assault, I doubt it could logically be considered a unitary charge. If I were to conclude that the government will have a serious problem on its hands on this score in the future or will be hampered by this decision, I would vote to go en banc on this issue. But I do not think so.

Statement by Associate Judge NEBEKER, with whom Associate Judge HARRIS concurs, of reasons for voting to grant appellee's petition for rehearing en banc: I voted to grant appellee's petition for rehearing en banc because I believe that, contrary to the panel's statement, *Whalen v. United States*, D.C.App., 379 A.2d 1152, 1157 (1977), the indictment here did charge the commission of one offense in two ways. The offense charged was burglary, which is defined by D.C.Code 1973, § 22–1801 as unlawful entry with intent to commit any criminal offense. The offense of burglary was thus charged in two ways, *i. e.*, with intent (1) to steal the property of another, and (2) to commit an assault.

The division's opinion declares that the indictment stated "an unseverable, unitary charge, stated in the conjunctive." *Id.* at 1157. I do not understand this statement, inasmuch as this count would have charged a valid, single violation of the burglary statute had the words "to steal the property of another" never been included. See *Vincent v. United States*, 337 F.2d 891 (8th Cir. 1964).

The thread on which the "unitary charge" holding seems to be based is the absence of a comma and the absence of a redundant "intent" in the indictment. I would suggest that it is more realistic to

* Denotes division.

read the indictment in the same manner as the Supreme Court recently read statutory language involved in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 912 n. 6, 55 L.Ed.2d 70 (1978), quoting from Judge McCree's separate opinion in *United States v. Beasley*, 438 F.2d 1279, 1284 (6th Cir. 1971):

> . . . In order to give lawful meaning to Congress' enactment of the aggravating elements in 18 U.S.C. § 2113(d), the phrase 'by the use of a dangerous weapon or device' must be read, *regardless of punctuation*, as modifying both the assault provision and the putting in jeopardy provision. [Emphasis added.]

As the panel recognized, withdrawal from the jury's consideration of one alleged method of committing an offense is permissible. *Ford v. United States*, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1927); *Salinger v. United States*, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398 (1926). Thus, it seems clear to me that the amendment here was proper. Moreover, the amendment did not broaden the charge or result in the defendant's having to defend against accusations not returned by the grand jury—which, I believe, was the evil from which *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887) sought to protect defendants.

Although Judge Gallagher is correct in stating that this indictment problem will be an easy one for the government to avoid in the future, I think the conflict between the panel opinion and *Ford v. United States, supra*, and *Salinger v. United States, supra*, requires en banc consideration under D.C. App. R. 40.