**UNITED STATES of America, Plaintiff,**

v.

**Robert Tappan MORRIS, Defendant.**

No. 89–CR–139.

United States District Court,
N.D. New York.

Jan. 3, 1990.

Frederick J. Scullin, Jr., U.S. Atty., N.D. New York, Syracuse, N.Y. (Mark D. Rasch, Ellen R. Meltzer, U.S. Dept. of Justice, Andrew T. Baxter, Asst. U.S. Atty., of counsel), for U.S.

Hancock & Eastabrook, Syracuse, N.Y. (Mark J. Schulte, of counsel), and Bonner & O'Connell, Washington, D.C. (Thomas Guidoboni, of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

MUNSON, District Judge.

The United States has moved to withdraw a portion of the indictment charging defendant with violating 18 U.S.C. § 1030(a)(5). Specifically, the United States seeks to withdraw from the indictment any reference to "Air Force Logistics Command, Wright Patterson Air Force Base in Dayton, Ohio." The government seeks this withdrawal because it no longer intends to offer any evidence at trial to prove that the Wright Patterson computer was one of the Federal interest computers intentionally accessed by defendant.

The government has not cited, and this court has not found, any cases in which the government has moved prior to trial to withdraw a portion of the indictment. However, as defendant correctly recognizes, at least since the Supreme Court's decision in *United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985), it is clear that during the course of a trial a court may "drop from an indictment those allegations that are unneces-

sary to an offense that is clearly contained within it," *id.* at 144, 105 S.Ct. at 1819, and may withdraw from the jury's consideration portions of the indictment that are not supported by the evidence adduced at trial without violating a defendant's Fifth Amendment right to a grand jury. *See also Salinger v. United States,* 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398 (1926); *United States v. Anguilo,* 847 F.2d 956, 964 (1st Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 138, 102 L.Ed.2d 110 (1988). If the criminal charges against the defendant are not broadened, such withdrawal does not constitute an unconstitutional amendment of the indictment. *See Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Therefore, if the government, instead of making the present motion, proceeded to trial on the existing indictment but failed to introduce any evidence that defendant accessed the computer at the Wright Patterson Air Force Base the court could properly withdraw this allegation in the indictment from the jury's consideration without infringing upon any constitutional guarantees of the defendant. The court does not discern any legitimate reason for reaching a different conclusion when prior to trial the government seeks to withdraw an allegation in the indictment for which it does not intend to offer any proof.[1] Accordingly, the court does not find persuasive defendant's argument that resubmission to the grand jury is necessary because "it cannot be said that an indictment would have been returned in absence of evidence of the value of the loss allegedly suffered by 'the Air Force Logistics Command, Wright Patterson Air Force Base in Dayton, Ohio.'" So long as the narrowed indictment alleges the essential elements of the charged offense, sufficiently informs the defendant of the charges which he must defend, enables him to plead

it to bar future prosecutions for the same offense, and does not broaden the charges against the defendant there is no Fifth Amendment difficulty. *See United States v. Miller,* 471 U.S. at 135, 105 S.Ct. at 1814; *United States v. Anguilo,* 847 F.2d at 964.

The proposed revised indictment satisfies each of these requirements. First, it continues to allege the necessary elements to charge an offense under 18 U.S.C. § 1030(a)(5), namely, intentionally accessing a federal interest computer without authorization, preventing authorized use of one or more of such computers, and causing a loss to one or more others of a value aggregating at least $1000 during any one year period. Second, the proposed withdrawal of any reference to Wright Patterson Air Force Base does not alter this court's prior ruling that the indictment adequately informs the defendant of the crime which he is charged, thus permitting him to prepare his defense and to protect himself against future prosecutions for the same charge. In addition, since the proposed indictment does not broaden the charge against defendant, the court rejects defendant's contention that the proposed withdrawal will allow the government to prosecute defendant for a crime different than originally charged by the grand jury. Accordingly, the United State's motion is granted.

It is So Ordered.

---

1. Indeed, a pretrial motion to withdraw a portion of an indictment is arguably more favorable to a criminal defendant than if the withdrawal occurs during trial. A jury is likely to infer from the court's failure to withdraw other portions of the indictment that defendant committed the remaining acts specified in the indictment.