570 So.2d 1031 (1990)
Donald Wayne HUENE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01582.
District Court of Appeal of Florida, First District.
November 16, 1990.
Rehearing Denied January 4, 1991.
William K. Jennings, DeFuniak Springs, for appellant.
Robert A. Butterworth, Atty. Gen., Wayne Mitchell, Certified Legal Intern, and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from judgments of conviction and sentences for felony murder and robbery with a firearm. Appellant contends the trial court proceeded on an indictment that had been unlawfully amended, thereby depriving the trial court of jurisdiction.
Appellant was charged on August 24, 1988 by a grand jury indictment, with both premeditated murder and felony murder in Count I, and armed robbery in Count II. On April 10, 1989, the State made a motion to dismiss from Count I the language referring to premeditation.[1] The court granted *1032 the motion and struck from the indictment that portion of Count I which related to premeditated murder. The court used "white-out" to delete the language "from a premeditated design to effect the death of a human being, David Dillow."
On April 11, 1989, the case proceeded to trial. On April 12, 1989, the jury returned a verdict of felony murder and of armed robbery. The judge entered judgment and sentenced appellant to a term of natural life without parole for 25 years for felony murder and to a term of 6 years, to run concurrent with the life term, for the armed robbery offense.
Appellant asserts that the trial court violated his state and federal rights of due process and indictment by grand jury for a capital offense. U.S. Const. amends. V and XIV; Art. I, §§ 9 and 15, Fla. Const. He contends that any amendment of the indictment must be by grand jury and that the premeditated murder charge does not constitute surplusage which can be deleted without action by the grand jury.
Appellant acknowledges the general rule that even a substantive defect in an indictment can be waived where not challenged by a motion to dismiss. Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982). Appellant argues, however, that a jurisdictional defect is nonwaivable and that deletion of the capital offense deprives the court of jurisdiction since the capital indictment, once altered, cannot form the basis for any further proceedings. As diligent as counsel was in presenting this argument, there is, admittedly, no authority directly supporting his contention.
The old rule was that striking parts of an indictment invalidates the whole indictment, because a court cannot speculate as to the intent of the grand jury that the remaining offense stand independently or that the remaining offense was included in the original text. Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). The present rule is that deletion from an indictment of allegations unnecessary to the offense, or the withdrawal from the jury's consideration of one of several offenses initially charged, does not constitute a forbidden amendment. United States v. Miller, 471 U.S. 130, 144-145, 105 S.Ct. 1811, 1819-20, 85 L.Ed.2d 99 (1985); Salinger v. United States, 272 U.S. 542, 548-549, 47 S.Ct. 173, 175, 71 L.Ed. 398 (1926). A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as "a useless averment" that "may be ignored." Miller, 471 U.S. at 136, 105 S.Ct. at 1815. An indictment is amended when it is so altered as to charge an additional or different offense from that found by the grand jury. United States v. Bissell, 866 F.2d 1343, 1356 (11th Cir.1989).
In the instant case, there was a deletion of surplusage but no change in the charges that were the basis of appellant's convictions.
Accordingly, the judgments and sentences are affirmed.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The following exchange took place regarding the State's motion to delete the language related to premeditated murder in the indictment:

[STATE]: The State moves to dismiss from Count I of the indictment the language referring to premeditation.
The State believes there is evidence in this case that relates solely to first degree felony murder and not murder by premeditation as far as what evidence the State can present. And so I move to strike from the indictment that portion of Count I which relates to premeditated murder.
THE COURT: And do you have an objection to that?
[DEFENSE COUNSEL]: No.
COURT: It's stricken.
THE CLERK: Just strike it out?
[STATE]: White it out before it goes back to the jury. And I am striking 
THE COURT: I would not even mark it out right now. And we'll white it out later. I'm not so sure that white out is even sufficient, and we may have to redraft Count I.
[STATE]: But I am concerned about doing anything that could be construed as an amendment to the indictment and it will look white if we white it out.
THE COURT: What are you going to white out?
[STATE]: From a premeditated design to effect the death of a human being, David Dillow.
THE COURT: Unlawfully.
[STATE]: Unlawfully while engaged in the perpetration of or an attempt to perpetrate a felony.
THE COURT: Yes, that makes sense.
[STATE]: From a, through to "or". And then 
THE COURT: Wait a minute white out "or" too?
[STATE]: That's right, sir. I meant to white that out, too.
THE COURT: Did unlawfully while engaged in the perpetration of. So everything from here to here will be whited out
[DEFENSE COUNSEL]: No problem.