**UNITED STATES of America,
Plaintiff,**

**v.**

**Darren O'Neil WILLIAMS, Defendant.**

**Case No. 3:02–CR–4 (3).**

United States District Court,
E.D. Texas,
Paris Division.

Oct. 16, 2002.

Heather Harris Rattan, Plano, TX, for Plaintiff.

John Thomas Haughton, Dallas, TX, for Defendant.

### *ORDER*

LEONARD DAVIS, District Judge.

On September 27, 2002, the Court denied Defendant's Motion for a Rule 29 Judgment of Acquittal, in the above-styled case. The Court now issues this written order to explain its ruling.

### BACKGROUND

The above-styled case was tried to a jury on September 26 and 27, 2002, in Tyler, Texas. Defendant was charged, in a two-count superceding indictment, with conspiracy to distribute or possess with intent to distribute, in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. Count I of the indictment provided:

> That from in or about 2001, the exact date unknown to the United States Grand Jury, and continuously thereafter up to and including the date of the filing of this Indictment, in Sulphur Springs in the Eastern District of Texas and elsewhere, Bernard D. Taylor a.k.a. 'Black', Felicia Hutchins–Cooper and Darren Oneil Williams, defendants herein, did knowingly or intentionally combine, conspire, confederate or agree with each other or with co-conspirators known or unknown to the United States Grand Jury, to knowingly or intentionally distribute or possess with the intent to distribute, or dispense 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 846.

When the Government rested, Defendant through counsel, made the following oral motion for judgment of acquittal:

MR. HAUGHTON:

Your Honor, the defendant in this case has been charged specifically—and I am making this motion pursuant to Rule 29 of the Federal Rules, Motion for Judgment of Acquittal. In Count I of the Indictment, Your Honor, the Government has alleged that Mr. Williams ... participated in a conspiracy to possess with the intent to distribute or dispense 1,000 kilograms or more of a mixture containing a detectable amount of marijuana.

Your Honor, in this case we are not even close. I spent a little time with the chemist in the case who gave me a multiplier, and the multiplier is .453, Your Honor. And I say that because if we take all of the amounts that have been testified to in the court, Your Honor— and I'm going to go back through the cross-examination of Mr. Taylor, the first transaction he testified to he said was 30 pounds, more or less. The second one he said, 'I have 150 to 160 pounds,' so I will give him 160 pounds on that one. The third one 160 pounds on that one. The fourth one he said roughly 150 pounds on that one. That gets us to 500 pounds.

Your Honor, the next one he said between 80 and 110 pounds, and for the sake of argument, Your Honor, I'm going to give him—I'm going to give him 110 pounds for that one, and I need to go back because I can't even use the old fashion calculator.

. . . .

MS. RATTAN:

I think we have some agreement.

MR. HAUGHTON:

Well, I'm willing to hear the agreement if we have got it.

MS. RATTAN:

Even according to my calculations, I don't think we have proved 1,000 kilograms. The question is the remedy for the situation. I think the testimony is there has been 870 pounds. When you convert that and divide it by 2.2, I don't think that is going to equal 1,000 kilograms. That is the agreement that we have.

MR. HAUGHTON:

Your Honor, with that agreement or stipulation before the Court, Your Honor, I think under Rule 29 we are entitled to an acquittal at this point. They've specifically asserted in the Indictment that he possessed with the intent and that this conspiracy possessed with the intent to distribute 1,000 kilograms or more of a mixture or substance.

Your Honor, I have some difficulty, and I have been thinking about this since the earlier conference, some difficulty with *Apprendi* in this case. I think *Apprendi* requires that it be in the Indictment because the defense counsel and defendant have a right to know exactly what they are being charged with. And under the statute a thousand kilograms is the cutoff to get us under 841(b) and subject my client in this case to, without the enhancement, ten years to life, and with the enhancement, a potential life sentence here.

And so, Your Honor, it does—it ups the ante significantly. If we are below a thousand kilograms and had they pled a lesser amount, we would be looking at— I believe it is 5 to 40. I don't have the statute in front of me. But it is a significant difference, Your Honor.

So based upon their pleadings and their Indictment, Your Honor, they have not met their burden at this point, and I am asking the Court for a judgment of acquittal as to Count 1.

. . . .

THE COURT:

Let me hear the response to the first ground.

MS. RATTAN:

I agree with him. As I have stated, I don't think it has been shown that a thousand kilograms was involved in the conspiracy. I think we have proved 870. . . . So the only remaining question is what the remedy is the Court would have.

THE COURT:

And what is the Government's position with regard to that? They are urging they are entitled to judgment of acquittal on that basis because you pled not 1,000 kilograms or less but 1,000 kilograms or more.

MS. RATTAN:

I think it is a question of what would be submitted to the jury. . . . I don't think we would be entitled to submit to the jury that quantity. It is not in the evidence, and it is not supported by the evidence. I do think there is evidence of lesser included offenses here.

. . . .

THE COURT:

Well, let me ask you this: Would the Government be willing to redact from the Indictment the 1,000 kilograms or more of a mixture where it would read "intent to distribute or dispense a mixture or substance containing a detectable amount"?

MS. RATTAN:

I think that would be fair and not misleading to the jury and fair to the defendant.[1]

---

1. Later, Ms. Rattan expressed to the Court her desire not to redact the "1000 kilograms or more" from the indictment, fearing a trial amendment of the indictment.

## THE INDICTMENT

An indictment, the right to which is guaranteed by the Fifth Amendment, serves the following three purposes: (1) to ensure that the grand jury finds probable cause to believe that the defendant committed each element of the offense; (2) to protect against double jeopardy; and (3) to give notice of the offense charged. *See, e.g., United States v. Arlen,* 947 F.2d 139, 144 (5th Cir.1991), *cert. denied,* 503 U.S. 939, 112 S.Ct. 1480, 117 L.Ed.2d 623 (1992); *United States v. Chaney,* 964 F.2d 437, 446–47 (5th Cir.1992); *Van Liew v. United States,* 321 F.2d 664, 668–69 (5th Cir.1963). In order to be sufficient, an indictment must allege each material element of the offense, and if it does not, it fails to charge that offense. *See, e.g., United States v. Gaytan,* 74 F.3d 545, 552 (5th Cir.1996); *United States v. Deisch,* 20 F.3d 139, 145 (5th Cir.1994); *United States v. Wilson,* 884 F.2d at 179.

The indictment ensures that the grand jury has had the opportunity to review supporting evidence, and find adequate cause to charge a defendant with each element of the offense before the court may entertain prosecution. Thus, only if the indictment contains all of the offenses's elements is this requirement satisfied. *See, e.g., United States v. O'Hagan,* 139 F.3d 641, 651 (8th Cir.1998) (holding that indictment must include all elements to "ensure that the grand jury has considered and found all essential elements of the offense charged"); *United States v. Pupo,* 841 F.2d 1235, 1239 (4th Cir.1988) (en banc) (same).

The general rule is that the language of an indictment may not be altered or amended except by resubmission to the grand jury. *See Ex Parte Bain,* 121 U.S. 1, 9–10, 7 S.Ct. 781, 30 L.Ed. 849 (1887). There are two purposes served by this rule. First, it protects the defendant's constitutional right to be placed in jeopardy only for offenses charged by a grand jury of his peers. *Stirone v. United States,* 361 U.S. 212, 218–19, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Second, it ensures that the defendant is provided adequate notice of the charges against him, so that he can prepare his defense at trial. *See United States v. Field,* 875 F.2d 130, 133 (7th Cir.1989).

There are two acknowledged exceptions to this rule. The first permits the language of an indictment to be modified to correct errors in form, as opposed to substance. *See* 1 C. Wright, *Federal Practice & Procedure: Criminal* 2d § 127 (1987 & Supp.1993), at 419–22 (citing cases). The second permits the amendment of an indictment to remove factual allegations that the evidence fails to support, so long as nothing is added to the indictment, the remaining allegations still charge the same offense as the original indictment, and the defendant cannot prove that the deleted language somehow prejudiced him in the preparation of his defense. *See Salinger v. United States,* 272 U.S. 542, 548, 47 S.Ct. 173, 71 L.Ed. 398 (1926); *Ford v. United States,* 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793 (1927); *see also United States v. Prior,* 546 F.2d 1254 (5th Cir.1977).

Here, the Grand Jury charged "1000 kilograms or more" rather than an "indeterminate amount up to or in excess of 1000 kilograms." The Government acknowledged that it had failed to meet its burden of proof leaving the court with no option but to grant the Judgment of Acquittal if the only charge is "in excess of 1000 kilograms" because the evidence did not support this quantity. By deleting the "1000 kilograms or more", however, the indictment still alleges an offense under § 846. Moreover, Defendant could not show that the deleted language somehow prejudiced him in the preparation of his

defense. Therefore, the court, with the Government's initial approval, struck the "1000 kilograms or more" language from the indictment under the second exception to the *Bain* rule. Under the redacted indictment,[2] the Government met its burden of proof and Defendant's Motion for Judgment of Acquittal was denied. The court proceeded to consider the charge in light of the redacted indictment.

## THE CHARGE

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Following that guidance, the Fifth Circuit has interpreted *Apprendi* to require the Government, when it seeks to enhance penalties based on the amount of drugs under § 841(b)(1)(A) or (B), to state the drug quantity in the indictment and to submit the question of drug quantity to a jury for a finding of proof beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir.2000).

By alleging that "1000 kilograms or more" of marijuana was included in the conspiracy, the Government was seeking an enhanced penalty under § 841(b)(1)(A). Nonetheless, the Government still contended that the charge should include a lesser included offense submitted to the jury in the form of special interrogatories inquiring of the amount of marijuana involved. The Government argued that the Court should submit the following general verdict along with special interrogatories to the jury:

As to Count 1 of the Indictment, we the jury find:

**DARREN ONEIL WILLIAMS:** _____ Guilty _____ Not **Guilty**

If you have found the defendant guilty of Count 1, then you must determine the quantity of marijuana attributable to the defendant. Your selection of one of the options listed below must be determined by a unanimous decision of the jury.

_____ less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana;

_____ 50 kilograms or more, but less than 100 kilograms, of a mixture or substance containing a detectable amount of marijuana;

_____ 100 kilograms or more, but less than 1000 kilograms, of a mixture or substance containing a detectable amount of marijuana;

▆▆▆ Relying on *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), the Government argued that it was entitled to a lesser includ-

---

**2.** The redacted indictment provided:

That from in or about 2001, the exact date unknown to the United States Grand Jury, and continuously thereafter up to and including the date of the filing of this Indictment, in Sulphur Springs in the Eastern District of Texas and elsewhere, Bernard D. Taylor a.k.a. 'Black', Felicia Hutchins–Cooper and Darren Oneil Williams, defendants herein, did knowingly or intentionally combine, conspire, confederate or agree with each other or with co-conspirators known or unknown to the United States Grand Jury, to knowingly or intentionally distribute or possess with the intent to distribute or dispense a mixture or substance containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 846.

ed offense under the facts. In *Schmuck*, the Supreme Court held that the elements test must be utilized in determining when a lesser included offense instruction is appropriate under Federal Rule of Criminal Procedure 31(c).[3] *Id.* at 716, 109 S.Ct. 1443. Under the elements test, "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.* The Government contended that since it was attempting to prove that the defendant possessed with the intent to distribute over 1000 kilograms of marijuana, necessary to that proof would be that it establish any lesser quantity of marijuana as well.

However, once the "1000 kilograms or more" was redacted from the indictment, there remained no basis to submit special interrogatories on drug quantity. "Ever since *Ex parte Bain* was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *United States v. Nunez*, 180 F.3d 227, 230 (5th Cir.1999) (quoting *Stirone v. United States*, 361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) (internal citation omitted)). Further, the defendant has the right to be tried only on charges brought by the Grand Jury, and here, the Grand Jury charged only "1000 kilograms or more." Therefore, the redacted indictment provided no basis for including special interrogatories on drug quantity. Accordingly, the Court submitted the charge in the only manner it could under the confines of the redacted indictment, the

Government's proof, and the Supreme Court's decision in *Apprendi*.

---

**3.** Federal Rule of Criminal Procedure 31(c) provides in relevant part: "The defendant may be found guilty of an offense necessarily included in the offense charged."