**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-40839
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

GERALD MARIO HUGHES,

                                                                Defendant-

Appellant.

----------------------------------------------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 2:01-CR-2-2
----------------------------------------------------------
January 24, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Gerald Mario Hughes  appeals his conviction for conspiracy to  distribute cocaine base

and distribution of cocaine base.  Citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Stirone

v. United States, 361 U.S. 212 (1960), he argues that the district court erred in allowing the

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government to amend the conspiracy count of the indictment, after the close of the evidence, to reduce the amount of crack alleged from 202.25 grams to "more than 50 grams."

The general rule is that after an indictment has been returned, its charges may not be broadened through amendment except by resubmission to a grand jury. United States v. Nunez, 180 F.3d 227, 230 (5th Cir. 1999)(quoting Stirone, 361 U.S. at 215-16); United States v. Prior, 546 F.2d 1254, 1257 (5th Cir. 1977). A "constructive amendment" to the indictment occurs when an essential element of the indictment is modified such that it allows the defendant to be convicted of an offense not charged in the indictment. Nunez, 180 F.3d at 230-31. It is not, however, an amendment to an indictment to withdraw a portion of it from the jury's consideration, usually because of the Government's inability to prove that part, provided that nothing is thereby added to the indictment, the remaining allegations still charge the same offense as the original indictment, and the defendant cannot show that the inclusion of the deleted language in the original indictment somehow prejudiced him in the preparation of his defense. See Salinger v. United States, 272 U.S. 542, 548 (1926); Ford v. United States, 273 U.S. 593, 602 (1927); Prior, 546 F.2d at 1257.

By reducing the amount of cocaine that could be attributed to Hughes, the Government did not broaden the charges against him, rather it narrowed those charges. See Nunez, 180 F.3d at 230-31. The district court did not err by granting the Government's motion to amend the indictment. See Prior, 546 F.3d at 1257.

Hughes also argues that the evidence was insufficient to support either count of conviction. With respect to the conspiracy count, Hughes's argument is based solely on his contention that the Government should not have been permitted to amend the indictment to reduce the amount of cocaine attributed to him and thus it should have been required to meet its burden of proof of 202.25

grams. As discussed above, Hughes's argument regarding the amendment to the indictment is without merit. Accordingly, Hughes's argument that the evidence was insufficient because it failed to prove the original amount alleged also is without merit.

With respect to the distribution count, Hughes argues that "[t]he only two witnesses who purport to place the Appellant at the scene at the time of the transfer were codefendants testifying pursuant to a plea agreement. Their testimony suffered from major contradictions on very basic points." He argues that the testimony of the two women suffered from "inexplicable contradictions" in that they contradicted each other with respect to the role played by Vickie Rhymes during the October 25th transaction.

Although he moved for a judgment of acquittal at the close of the Government's case in chief, Hughes failed to renew his motion at the close of evidence. Accordingly, Hughes has waived any objection to the denial of his motion for a judgment of acquittal and this court's review is limited to determining "whether there was a manifest miscarriage of justice." See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

A jury is the final arbiter of the credibility of witnesses. United States v. Restrepo, 994 F.2d 173, 182 (5th Cir. 1993). Even if it is assumed that Hughes's conviction was based solely on the testimony of Rodgers and Evans, "a guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994). "To be considered incredible as a matter of law, a witness' testimony must assert facts that the witness physically could not have observed or events that could not have occurred under the laws of nature." United States v. Gadison, 8 F.3d 186, 190 (5th

Cir. 1993) (internal quotation marks, brackets, and citation omitted). The "inexplicable contradictions" alluded to by Hughes are insufficient to support a finding that the challenged testimony was incredible as a matter of law. See Gadison, 8 F.3d at 190. Hughes's conviction did not result in a manifest miscarriage of justice. See McIntosh, 280 F.3d at 483. AFFIRMED.